**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FRANK G. DiNOTO, Individually and a Representative of All Persons Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:13-cv-2877 |
| vs. | ) ) | Judge Keith P. Ellison |
| USAA CASUALTY INSURANCE COMPANY and AUTO INJURY SOLUTIONS, | ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S**
**MOTION TO DISMISS SECOND AMENDED PETITION WITH PREJUDICE**

# TABLE OF CONTENTS

I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................... 1

II.      STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW ................ 4

     A.      Issues Presented ....................................................................................... 4

     B.      Standard of Review .................................................................................. 4

III.      SUMMARY OF THE ARGUMENT ........................................................... 6

IV.      ARGUMENT ................................................................................................ 7

     A.      Plaintiff Has No Valid Claims Against USAA CIC Because USAA CIC Did Not Issue His Insurance Policy ........................................................ 7

     B.      Plaintiff Has Failed to Allege Standing to Assert a Claim for Reimbursement of Medical Expenses .................................................... 10

     C.      Plaintiff's Claims for Medical Expenses Paid by Medicare Are Contrary to and Preempted by Federal Law ......................................................... 11

     D.      The Second Amended Petition Consists of Mere Conclusory Allegations, and Does Not Satisfy the Pleading Requirements of Rules 8 and 9(b) ............... 13

     E.      Plaintiff's Claims in Counts III and IV Are, at Best, Allegations of a Mere Breach of Contract, and Therefore Do Not State Cognizable Claims for Violations of the DTPA or Chapter 541 of the Insurance Code ......................... 15

V.      CONCLUSION ......................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Allstate Indem. Co. v. Forth*,
   204 S.W.3d 795 (Tex. 2006)..................................................................... 10

*Allstate Ins. Co. v. Watson,*
   876 S.W.2d 145 (Tex. 1994)........................................................................ 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................. 5, 14

*Berry v. Indianapolis Life Ins. Co.*,
   608 F. Supp. 2d 785 (N.D. Tex. 2009) ....................................................... 5

*Big Bird Tree Servs.*,
   365 S.W.3d 173 (Tex. App.—Dallas 2012, pet. denied), *reh'g overruled* (May 8, 2012)....... 11

*Brown v. DFS Servs., LLC*,
   No. CIV. A. H-09-3449, 2010 WL 2079931 (S.D. Tex. May 21, 2010)................... 15

*Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*,
   No. 4:12-CV-1759, 2012 WL 6569774 (S.D. Tex. Dec. 17, 2012)........................ 10

*Caplinger v. Allstate Ins. Co.*,
   140 S.W.3d 927 (Tex. App.—Dallas 2004, pet. denied).......................................... 9

*Cruz v. Andrews Restoration, Inc.*,
   364 S.W.3d 817 (Tex. 2012).................................................................... 14

*Cuvillier v. Taylor*,
   503 F.3d 397 (5th Cir.2007) ......................................................................... 5

*Evanston Ins. Co. v. Graves,*
   No. 3:13-CV-0959-D, 2013 WL 4505181 (N.D. Tex. Aug. 23, 2013) ..................... 8

*Gehl Bros. Mfg. Co. v. Price's Producers, Inc.*,
   319 S.W.2d 955 (Tex. Civ. App.—El Paso 1959, no writ) ...................................... 8

*Haygood v. DeEscabedo*,
   356 S.W.3d 390 (Tex. 2011), *reh'g denied* (Jan. 27, 2012) .................................... 11

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ....................................................................... 7

*Khan v. Allstate Fire & Cas. Ins. Co.*,
   No. CIV.A. H-11-2693, 2012 WL 1601302 (S.D. Tex. May 7, 2012)............... 5, 7, 14

*Lewis v. Allstate Ins. Co.,*
   No 09-05-225 CV, 2006 WL 665790 (Tex. App.—Beaumont Mar. 16, 2006) ............. 12

*Lewis v. Hays Grp., Inc.*,
No. CIVAH-08-215, 2010 WL 1404448 (S.D. Tex. Mar. 31, 2010),
*aff'd sub nom. Lewis v. AIG Life Ins. Co., 423 F. App'x 394 (5th Cir. 2011)*...................... 8, 9

*Lowe v. Whitehead Cargo Consultants LLC*,
No. 4:09-CV-3570, 2011 WL 221871 (S.D. Tex. Jan. 20, 2011)............................................ 10

*McCord v. Prudential Ins. Co. of Am.*,
No. 1:10-CV-413, 2011 WL 3240486 (E.D. Tex. July 1, 2011),
*report and recommendation adopted*,
No. 1:10-CV-413, 2011 WL 3236217 (E.D. Tex. July 28, 2011) ....................................... 8, 10

*McPeters v. LexisNexis*,
910 F. Supp. 2d 981 (S.D. Tex. 2012) .................................................................................... 14

*Mena's Garage v. Hartford Ins. Co.*,
No. CIV. H-04-4738, 2005 WL 5976336 (S.D. Tex. Nov. 30, 2005) ..................................... 15

*Morse v. Commonwealth Land Title Ins. Co.*,
No. 4:12CV375, 2013 WL 5372395 (E.D. Tex. Sept. 25, 2013) ............................................ 13

*Partain v. Mid-Continent Specialty Ins. Servs., Inc.*,
838 F. Supp. 2d 547 (S.D. Tex. 2012) .............................................................................. 14, 15

*Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*,
679 F. Supp. 2d 739 (N.D. Tex. 2009) ..................................................................................... 9

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005) .................................................................................................... 5

*Rapid Settlements, Ltd. v. Green*,
294 S.W.3d 701 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ............................................ 8

*RJ Sunset LLC v. Nationwide Ins. Co.*,
No. 4:11-CV-84, 2011 WL 2038593 (S.D. Tex. May 20, 2011)....................................... 4, 5, 6

*Texas Farmers Ins. Co. v. Fruge*,
13 S.W.3d 509 (Tex. App.—2000, pet. denied) ..................................................................... 12

*Waldrop v. Guarantee Trust Life Ins. Co.*,
No. 3:12-CV-02579-M, 2013 WL 664705 (N.D. Tex. Feb. 25, 2013) ................................... 10

*Walker v. Fed. Kemper Life Assur. Co.*,
828 S.W.2d 442 (Tex. App.— San Antonio 1992, writ. denied) ............................................ 15

*Wright v. Nationwide Mut. Ins. Co.*,
No. 6:09 CV 183, 2010 WL 278482 (E.D. Tex. Jan. 19, 2010) ............................................... 9

# TABLE OF CONTENTS
(continued)

**Statutes**

42 U.S.C. § 1395 ............................................................................... 11

42 U.S.C. § 1395y(2)(A)(B)(ii) ......................................................... 12

42 U.S.C. § 1395y(b)(2)(B)(ii) .......................................................... 12

42 U.S.C. § 1395y(b)(2)(B)(iii) ......................................................... 12

42 U.S.C. § 1395y(b)(2)(B)(iv) ......................................................... 12

Tex. Civ. Prac. & Rem. Code § 41.0105 ........................................... 11

Tex. Ins. Code § 1952.151 ................................................................... 2

Tex. Ins. Code § 1952.155 ................................................................... 8

Tex. Ins. Code § 1952.157 ................................................................... 9

Tex. Ins. Code § 541 ................................................... 2, 3, 5, 7, 9, 14, 15

Tex. Ins. Code § 542 ............................................................... 2, 9, 14

Tex. Ins. Code § 542.055 ................................................................... 14

Tex. Ins. Code § 542.056 ................................................................... 14

Tex. Ins. Code § 542.060 ................................................................... 10

Tex. Ins. Code §§ 17.44-17.46 ..................................................... 2, 9

**Other Authorities**

Fed. R. Civ. P. 12 ......................................................................... 1, 4, 7

Fed. R. Civ. P. 8 ................................................................ 1, 5, 13, 14, 15

Fed. R. Civ. P. 9 ............................................................ 1, 5, 6, 13, 14, 15

**9**

42 C.F.R. § 411.24 ............................................................................. 12

42 C.F.R. § 411.26 ............................................................................. 12

42 C.F.R. § 411.50(b)-(c) ................................................................... 12

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

Pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6), Defendant USAA Casualty Insurance Company ("USAA CIC") respectfully moves to dismiss with prejudice the Second Amended Class Action Petition of Plaintiff Frank DiNoto.

## I.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff alleges he is insured under a USAA CIC auto insurance policy and he submitted a claim for Texas Personal Injury Protection ("PIP") benefits resulting from an automobile accident on June 16, 2011.  (2d Am. Pet. (Doc. 4-4) ¶¶ 4.01-4.02.)  In fact, Plaintiff does not have an insurance policy with USAA CIC; his policy is with United Services Automobile Association.[1]  Indeed, Plaintiff named United Services Automobile Association as the sole defendant in his original petition (Doc. 4-1), but inexplicably dropped that company as a defendant and instead sued USAA CIC in subsequent petitions.  (Docs. 4-2, 4-4.)

Plaintiff alleges he had $100,000 in PIP coverage and his attorney submitted claims for $136,853 in alleged medical bills and an additional $147,750 for alleged wage loss.  (2d Am. Pet. ¶ 4.02.)  Plaintiff contends Defendant paid him $2,506.02 in PIP benefits, and reimbursed Medicare for $12,405.13 that Medicare paid to Plaintiff and his providers.  (*Id.* ¶ 6.02.)  Plaintiff claims Defendant should not have reimbursed Medicare, but instead should have made that payment "directly to Plaintiff."  (*Id.* ¶ 4.04 n.2.)  Significantly, Plaintiff does not claim he is or ever will become obligated to pay his providers for any unreimbursed medical bills.

---

[1] A certified copy of Plaintiff's insurance policy with United Services Automobile Association is attached as Exhibit 1 to the Appendix to this Motion ("App.").  In accordance with this Court's Procedures, the Appendix also contains copies of all authorities cited in this Motion but not found in the various reporters and codes noted in Section 6(B) of the Court's Procedures.

The Second Amended Petition asserts Plaintiff's PIP claim was wrongfully not paid in full due to an alleged "cost containment program" and "scheme to defraud" between USAA CIC and Defendant Auto Injury Solutions ("AIS"), a third-party vendor. Plaintiff alleges USAA CIC and AIS "routinely deny" claims for PIP benefits and "wrongfully withhold policy proceeds." (*Id.* ¶¶ 1.01, 4.03.)

Notably absent from the Petition, however, is any meaningful articulation of the purportedly improper practices. The only discernible claim Plaintiff makes is that Defendant should have paid him "directly" instead of reimbursing Medicare. (*Id.* ¶ 6.02 (Count II).) That action, however, would have violated federal law. *See infra* Part IV(C). The remainder of the Petition consists entirely of vague, conclusory allegations and a mere parroting of the statutory provisions allegedly violated.

The Second Amended Petition contains six counts. Count I is for breach of contract for the alleged failure to "pay benefits according to the terms of that policy." (2d Am. Pet. ¶ 6.01.) Plaintiff, however, does not identify those policy "terms" or how they were violated. Count II alleges USAA CIC violated the "collateral source" provision of the Texas PIP statute, Tex. Ins. Code § 1952.151, by reimbursing Medicare instead of paying him directly. (*Id.* ¶ 6.02.) Count III alleges Defendant violated the Texas Deceptive Practices Act, Tex. Bus. & Com. Code §§ 17.44-17.46, by engaging in "false, misleading, and/or deceptive acts or practices." (*Id.* ¶ 6.03.) That count, however, fails to specify what Defendant allegedly did; instead, the Petition simply lists the statutory provisions allegedly violated. (*Id.* ¶¶ 6.03-6.07.) Count IV alleges Defendant violated various provisions of Chapter 541 of the Texas Insurance Code by "engag[ing] in unfair and/or deceptive acts or practices." (*Id.* ¶ 6.08.) Like the previous count, Count IV either parrots or simply lists a series of statutory provisions. (*Id.*) In Count V Plaintiff alleges Defendant violated the timeliness provisions of Chapter 542 of the Insurance Code (*id.* ¶ 6.12); again,

Count V cites a series of provisions allegedly violated. (*Id.*) Count VI is for breach of the duty of good faith and fair dealing for Defendant's alleged failure to "pay the claims or even conduct a rudimentary investigation." (*Id.* ¶ 6.14.) Finally, Count VII seeks a declaratory judgment and injunctive relief prohibiting the alleged (and unspecified) practices. (*Id.* ¶ 6.15.)

This action was originally filed in Harris County District Court on July 15, 2013, as an individual case against Plaintiff's actual insurer, United Services Automobile Association. (Doc. 4-1.) In a First Amended Petition filed on August 15, 2013, Plaintiff sued USAA CIC instead. (Doc. 4-2.) Like the original petition, the First Amended Petition was an individual action.

On September 12, 2013, Plaintiff's counsel sent USAA CIC and AIS a "thirty-day letter" under Tex. Ins. Code § 541.251 enclosing a purported second amended petition, advising that Plaintiff would seek class certification, and stating that the document "will be filed" if Defendants did not provide the relief requested. (Doc. 4-3.) That document was not filed. Instead, four days later, on September 16, 2013, Plaintiff filed the Second Amended Petition, which differed in some respects from the September 12 version. (Doc. 4-4.)

The Second Amended Petition is the first pleading brought on behalf of a putative class, the first time AIS is named as a Defendant, and the pleading from which it may first be ascertained that the case has become removable. (Doc. 1 (Notice of Removal) ¶¶ 10-14.) Accordingly, on September 30, 2013, USAA CIC and AIS timely removed the action to this Court pursuant to the Class Action Fairness Act of 2005. (Doc. 1.) On October 1, 2013, USAA CIC filed an unopposed Motion for Extension of Time to respond to the Second Amended Petition by October 14, 2013. (Doc. 5.) The Court granted the Unopposed Motion. (Doc. 8.)

USAA CIC now files this Motion to Dismiss with prejudice all claims asserted against it in the Second Amended Petition.

## II. STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW

### A. Issues Presented

**Issue No. 1:** All of Plaintiff's claims are based on his Texas automobile insurance policy. Because USAA CIC did not issue that policy, all claims against USAA CIC in the Second Amended Petition should be dismissed with prejudice.

**Issue No. 2:** The Second Amended Petition should also be dismissed because it does not allege Plaintiff sustained a legally cognizable injury or that he has standing to assert a claim for payment of medical expenses under his PIP coverage.

**Issue No. 3:** Plaintiff's claim that USAA CIC should not have reimbursed Medicare for payments Medicare made to him and his providers, but rather that USAA CIC should have paid those benefits to Plaintiff "directly," is contrary to and preempted by federal law.

**Issue No. 4:** The Second Amended Petition does not satisfy the pleading requirements of Rules 8 and 9(b).

**Issue No. 5:** Plaintiff's claims in Counts III and IV are, at best, a recasting of his contract claims, and do not state valid claims under the Texas Deceptive Practices Act or Chapter 541 of the Texas Insurance Code.

### B. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *RJ Sunset LLC v. Nationwide Ins. Co*., No. 4:11-CV-84, 2011 WL 2038593, at *2 (S.D. Tex. May 20, 2011) (Ellison, J.) (quoting *Cuvillier*

*v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007)); *see, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *RJ Sunset*, 2011 WL 2038593 at *2 (internal quotations omitted). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must set forth more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although a court must accept well-pleaded facts as true, legal conclusions are not entitled to the same assumption of truth, and the court should not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotations omitted).

All of Plaintiff's claims in the Second Amended Petition are subject to Rule 8(a). Although Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the requirements of Rule 8(a) must be interpreted in light of the Supreme Court's rulings in *Iqbal* and *Twombly* discussed above. *See Khan v. Allstate Fire & Cas. Ins. Co.*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *3 (S.D. Tex. May 7, 2012) (Ellison, J.).

Plaintiff's claims in Counts III (for alleged violations of the DTPA) and IV (for alleged violations of Chapter 541 of the Insurance Code) involve allegations of fraud and misrepresentations, and are therefore subject to the more stringent pleading requirements of Rule 9(b). *See id.* at *7 (Chapter 541 claim subject to Rule 9(b)); *RJ Sunset*, 2011 WL 2038593 at *3 (DTPA claim subject to Rule 9(b)); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800

(N.D. Tex. 2009) ("Claims alleging violations of the DTPA are subject to the requirements of Rule 9(b).").

Rule 9(b) requires allegations of fraud be pleaded with "particularity." "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *RJ Sunset*, 2011 WL 2038593 at *2. The complaint must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.*

## III.    SUMMARY OF THE ARGUMENT

The Second Amended Petition should be dismissed with prejudice.

All of Plaintiff's claims are predicated on his alleged rights to PIP payments under his auto insurance policy. USAA CIC, however, did not issue that policy; the originally named Defendant, United Services Automobile Association, did. As a result, Plaintiff has no claim against USAA CIC. But even if Plaintiff had named the actual issuing entity as a Defendant, the Second Amended Petition would still fail as a matter of law, for several reasons.

Plaintiff's Petition does not allege Plaintiff sustained a legally cognizable injury as a result of his insurer's decision not to reimburse his medical bills in full. To have standing, Plaintiff must allege that he suffered an actual or threatened injury. He has not done so here. For example, Plaintiff does not allege he is or will become obligated to pay his providers for any unreimbursed medical bills. Indeed, the fact that his providers accepted Medicare's reductions of their bills means that they cannot pursue Plaintiff for the unreimbursed amounts.

Furthermore, Plaintiff's claim in Count II that his insurer should have "paid him directly," rather than reimbursing Medicare for the amounts Medicare paid Plaintiff and his providers, is contrary to federal law. Medicare's payments of Plaintiff's medical bills were conditioned on Medicare's reimbursement from the primary payer—in this case, Plaintiff's PIP

insurer.  Plaintiff's insurer was thus obligated under federal law to reimburse Medicare—not to pay Plaintiff for bills that Medicare already had paid.

This "Medicare" claim is the only specific allegation of wrongdoing in the Second Amended Petition.  The remainder of the Petition consists of conclusory allegations of wrongdoing—typically through mere citations of statutory provisions.  To the extent the Second Amended Complaint is not dismissed with prejudice on the merits, it should be dismissed for failure to comply with the pleading requirements of Rules 8 and 9(b).

Finally, Plaintiff's claims in Counts III and IV, for alleged violations of the DTPA and of Chapter 541 of the Insurance Code, are at most a restatement of Plaintiff's claim for breach of contract:  his carrier's failure to pay PIP benefits.  Such allegations do not state cognizable claims under the DTPA or the Insurance Code.

USAA CIC therefore respectfully requests the Court dismiss with prejudice all claims against it in the Second Amended Petition.

## IV.    ARGUMENT

### A.    Plaintiff Has No Valid Claims Against USAA CIC Because USAA CIC Did Not Issue His Insurance Policy.

All of Plaintiff's claims against USAA CIC are based on his auto insurance policy.  Yet Plaintiff does not specifically identify or attach to his Second Amended Petition any contract with USAA CIC.  In fact, Plaintiff's insurance policy was with United Services Automobile Association.  (App. Ex. 1.)[2]  That policy makes clear Plaintiff has no contract with USAA CIC. (App. Ex. 1 at 5-6.)  The absence of a contractual relationship with USAA CIC is fatal to each of

---

[2] The Court may consider the policy on this Rule 12(b)(6) motion to dismiss, even though it was not attached to the Petition, because the policy is repeatedly cited in the Petition and is central to Plaintiff's claims.  *See, e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Khan,* 2012 WL 1601302 at *3.

Plaintiff's claims. *See, e.g.*, *Lewis v. Hays Grp., Inc.*, No. CIVAH-08-215, 2010 WL 1404448, at *4 (S.D. Tex. Mar. 31, 2010) (dismissing claims for breach of contract, breach of duty of good faith and fair dealing, and violations of Texas Insurance Code because plaintiff had no contract with insurer), *aff'd sub nom. Lewis v. AIG Life Ins. Co.,* 423 F. App'x 394 (5th Cir. 2011).

First, a required element of Plaintiff's contract claim in Count I is privity with USAA CIC. "It goes without saying that a contract cannot bind a nonparty." *Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (internal quotation omitted). Privity of contract is therefore "an essential element of recovery in any cause of action based upon a contractual theory." *Gehl Bros. Mfg. Co. v. Price's Producers, Inc.*, 319 S.W.2d 955, 958 (Tex. Civ. App.—El Paso 1959, no writ). Because USAA CIC is not a party to Plaintiff's insurance policy, Plaintiff cannot maintain a claim against USAA CIC for breach of contract. *See, e.g., Evanston Ins. Co. v. Graves,* No. 3:13-CV-0959-D, 2013 WL 4505181, at *1 (N.D. Tex. Aug. 23, 2013) (dismissing contract claim because Plaintiff "fail[ed] to plead factual content that allows the court to draw the reasonable inference that [plaintiff] was in privity with [defendant]"); *McCord v. Prudential Ins. Co. of Am.*, No. 1:10-CV-413, 2011 WL 3240486, at *7 (E.D. Tex. July 1, 2011) (dismissing contract claim for failure to pay long-term disability benefits because third-party administrator was not party to insurance contract between plaintiff and his carrier), *report and recommendation adopted*, No. 1:10-CV-413, 2011 WL 3236217 (E.D. Tex. July 28, 2011).

Plaintiff's claim in Count II for alleged violations of the Texas PIP statute is similarly flawed. There, Plaintiff alleges USAA CIC violated Section 1952.155 by "its refusal to pay PIP benefits in a timely manner" and "without regard to . . . collateral source." (2d Am. Pet. ¶ 6.02

(internal quotation omitted).)[3]  But that provision applies only when the person seeking PIP benefits "may bring an action *in contract* to recover the benefits."  Tex. Ins. Code Ann. § 1952.157(a) (emphasis added).  On the face of the statute, there can be no recovery where, as here, there is no contract between USAA CIC and Plaintiff.  *See Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd.*, 679 F. Supp. 2d 739, 745 (N.D. Tex. 2009) (claimant not entitled to PIP benefits when it was not insured under policy).

Count III should likewise be dismissed.  There, Plaintiff purports to bring a claim under the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code §§ 17.44-17.46 ("DTPA"), based on his alleged "purchas[e] [of] goods or services from USAA [CIC]."  (Petition ¶¶ 6.03-6.07.)  Because Plaintiff did not purchase any goods or services from USAA CIC, he has no DTPA claim.  *See, e.g.*, *Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 931 (Tex. App.—Dallas 2004, pet. denied); *Wright v. Nationwide Mut. Ins. Co.*, No. 6:09 CV 183, 2010 WL 278482, at *2-3 (E.D. Tex. Jan. 19, 2010) ("Because [plaintiff] did not purchase or lease any goods or services that form the basis of the complaint, he does not qualify as a 'consumer' under the DTPA.").

Plaintiff's claims in Count IV for alleged violations of Chapter 541 of the Texas Insurance Code, and in Count V for alleged violations of Chapter 542, are without merit for these same reasons.  When a plaintiff "has no contract with the insurer," the plaintiff has no standing to bring a claim for alleged violations of the Texas Insurance Code.  *Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 149 (Tex. 1994); *see, e.g.*, *Caplinger*, 140 S.W.3d at 931 (claims for violation of Texas Insurance Code "belong[] only to the insured"); *Lewis*, 2010 WL 1404448 at *4 (Texas Insurance Code provisions "require that Plaintiff be a party to the insurance contract"); Tex. Ins.

---

[3] As demonstrated in Part IV(C), this claim should also be dismissed because it is contrary to federal law.

Code § 542.060 (insurer liable for claims brought under Chapter 542 only to "the holder of the policy or the beneficiary making the claim under the policy").

Count VI, for alleged breach of the duty of good faith and fair dealing, also fails for lack of privity. Persons who "are not parties to the insurance contract or in privity with the insured do not owe a duty of good faith and fair dealing to the insured." *Lowe v. Whitehead Cargo Consultants LLC*, No. 4:09-CV-3570, 2011 WL 221871, at *3 (S.D. Tex. Jan. 20, 2011) (Ellison, J.); *see, e.g.*, *Waldrop v. Guarantee Trust Life Ins. Co*., No. 3:12-CV-02579-M, 2013 WL 664705, at *3 (N.D. Tex. Feb. 25, 2013) (claim for breach of duty of good faith and fair dealing fails as a matter of law when there is no contract giving rise to "special relationship" between insurer and insured); *McCord*, 2011 WL 3240486 at * 9 ("The elements of a cause of action for the breach of duty of good faith and fair dealing thus necessarily require the existence of an insurance contract between the plaintiff and the defendant insurer.").

Finally, Plaintiff's claim in Count VII for a declaratory judgment and injunctive relief should be dismissed because they are duplicative of the above claims and are flawed for the same reasons. *See, e.g.*, *Burlington Ins. Co. v. Ranger Specialized Glass, Inc*., No. 4:12-CV-1759, 2012 WL 6569774, at *2-3 (S.D. Tex. Dec. 17, 2012) (dismissing duplicative claim for declaratory relief) (Ellison, J.).

### B. Plaintiff Has Failed to Allege Standing to Assert a Claim for Reimbursement of Medical Expenses.

To have standing to bring a PIP claim, Plaintiff must plead a legally cognizable injury. *Allstate Indem. Co. v. Forth*, 204 S.W.3d 795, 796 (Tex. 2006). Under Texas law, an insurer's mere failure to pay submitted medical bills is not actionable. Unless Plaintiff alleges he "has any unreimbursed out-of-pocket medical expenses," or his "providers withheld medical treatment as a result of [Defendant's] reducing [his] bills," or his providers have sued or threatened to sue him

for unpaid medical bills, Plaintiff has no standing to bring a claim for recovery of any unpaid medical bills. *Id.*

The Second Amended Petition contains no such allegations. Although Plaintiff alleges his counsel "submitted $136,853 in medical bills" to USAA CIC (2d Am. Pet. ¶ 4.02), the Petition does not contain any allegations regarding how much of that amount—if any—was actually paid by him to his providers, or how Plaintiff was otherwise harmed by Defendant's alleged failure to pay his providers' bills in full.

Indeed, the few allegations Plaintiff does make regarding the medical expenses at issue actually *negate* any inference of injury. For example, Plaintiff alleges Medicare paid his providers $12,405.13. (*Id.* ¶ 4.02 n.2.) But federal law prohibits health care providers who treat Medicare patients from charging more than what Medicare has determined to be "reasonable." *Haygood v. DeEscabedo*, 356 S.W.3d 390, 396-97 (Tex. 2011), *reh'g denied* (Jan. 27, 2012); 42 U.S.C. § 1395cc(a)(1)-(2). Thus, when Plaintiff's health care providers accepted Medicare's reduced payments for their bills, they could not "balance-bill" Plaintiff for the remainder; as a result, Plaintiff cannot be legally liable for payment of those bills, and he has no cognizable injury. *E.g.*, *Haygood*, 356 S.W.3d at 396-97; *see also Big Bird Tree Servs.*, 365 S.W.3d 173, 176 (Tex. App.—Dallas 2012, pet. denied), *reh'g overruled* (May 8, 2012); Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 ("[R]ecovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.").

### C. Plaintiff's Claims for Medical Expenses Paid by Medicare Are Contrary to and Preempted by Federal Law.

Plaintiff's claims to "direct payment" of bills already paid by Medicare are barred for an additional, independent reason: such a claim is preempted by federal law. The Second Amended Petition alleges USAA CIC's purported reimbursement of Medicare was a breach of contract and a violation of the Texas PIP statute. According to Plaintiff, USAA CIC should have

paid him directly, rather than reimburse Medicare, because the Texas PIP statute purportedly requires a carrier to pay its insured without regard to any "collateral source" like Medicare. (2d Am. Pet. ¶¶ 4.02 n.2, 6.01, 6.02.)

Plaintiff's state law claim for direct payment of these funds is preempted by federal law. *See Texas Farmers Ins. Co. v. Fruge,* 13 S.W.3d 509, 511 (Tex. App.—2000, pet. denied) (Medicare statute and rules regarding PIP coverage preempt Texas PIP law). Federal law provides that any payment of medical costs by Medicare for which private insurance is the primary payer is conditioned upon reimbursement from that primary insurer. 42 U.S.C. § 1395y(2)(A)(B)(ii); *Fruge,* 13 S.W.3d at 511. Medicare is a secondary payer for services covered under state no-fault insurance, such as Texas PIP coverage. *Fruge*, 13 S.W.3d at 511 (citing 42 U.S.C. § 1395y(2)(A)(B)(ii), 42 C.F.R. § 411.50(b)-(c)). Thus, Medicare's payments of bills submitted by PIP insureds like Plaintiff are conditioned on Medicare's right to recover those payments from the PIP carrier. *Fruge,* 13 S.W.3d at 511; *Lewis v. Allstate Ins. Co.,* No 09-05-225 CV, 2006 WL 665790, at *2 (Tex. App.—Beaumont Mar. 16, 2006) (citing 42 U.S.C. § 1395y(b)(2)(B)(ii)). Indeed, the federal government not only is subrogated to any right a Medicare recipient might have to payment of those expenses, *see* 42 U.S.C. § 1395y(b)(2)(B)(iv); 42 C.F.R. § 411.26, but Medicare has a direct right of action against the carrier for reimbursement of all payments Medicare made to the recipient or his providers—even if the carrier already paid its insured for those expenses. 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.24(e) ("CMS has a direct right of action to recover from any primary payer."); 42 C.F.R. § 411.24(i) ("If Medicare is not reimbursed as required by paragraph (h) of this section, the primary payer must reimburse Medicare even though it has already reimbursed the beneficiary or other party.").

Accordingly, all payments made by Plaintiff's insurer to Medicare were both proper and mandated by federal law. Plaintiff's claim to "direct payment" of the expenses already paid by Medicare is simply incorrect as a matter of well-established federal law.

**D.    The Second Amended Petition Consists of Mere Conclusory Allegations, and Does Not Satisfy the Pleading Requirements of Rules 8 and 9(b).**

The only concrete allegation of wrongdoing in the Second Amended Petition is in Count II, regarding Defendant's purported reimbursement of Medicare—which, as demonstrated above, does not state a viable claim under federal law. The remainder of the Petition does not comply with the bare minimum pleading requirements of Rule 8, and certainly does not plead fraud with the particularity required by Rule 9(b).

For example, Plaintiff's contract and contract-related claims (Counts I and VI) fail to identify precisely what Plaintiff claims he is owed, and why he is owed it. Although Plaintiff asserts his attorney submitted for payment nearly $285,000 in purported medical and wage loss expenses, Plaintiff admits his PIP coverage limits were only $100,000. (2d Am. Pet. ¶ 4.02.) Plaintiff does not allege which of those expenses should have been paid "according to the terms of that policy" (*id.* ¶ 6.01); indeed, he does not even identify what those "terms" were.[4] Nor does Plaintiff explain the basis for his assertion that Defendant's purported requests for confirming documentation were based on "a false premise." (*Id.* ¶ 4.02.) Indeed, the fact Medicare paid only $12,405.13 of his claims casts considerable doubt on the purported reasonableness of those expenses. "Without identification of the . . . provisions breached, [Defendant's] specific actions constituting breach, or the damages that resulted, a breach of contract claim has not been stated

---

[4] Likewise, although Plaintiff makes vague allegations regarding wage loss, he does not allege the purported wage loss was for income actually lost, as opposed to projected loss of future earnings capacity.

and it should be dismissed." *Morse v. Commonwealth Land Title Ins. Co.*, No. 4:12CV375, 2013 WL 5372395, at *11 (E.D. Tex. Sept. 25, 2013).

Likewise, Plaintiff's claim in Count V that Defendant violated the "statutorily mandated time" requirements of Chapter 542 of the Insurance Code is similarly deficient. This Court recently dismissed a claim with remarkably similar deficiencies. *See Khan*, 2012 WL 1601302, at *9-10. Like the insured in *Khan,* Plaintiff here does not "identify the 'applicable time constraints,' the information [Defendant] should have requested under § 542.055, any information Plaintiff[] provided to [Defendant], or when [Defendant] submitted the necessary information. . . . Plaintiff[] does not provide facts about the information contained in denial letters or assert that it was not a sufficient partial acceptance and rejection of [Plaintiff's] claim under § 542.056." *Id.*

The claims subject to Rule 9(b)'s pleading requirements (Counts III and IV) are even more deficient. They literally consist of a few conclusory allegations, along with a list of cites (sometimes without even a parenthetical explanation) of the statutory provisions that allegedly were violated. These allegations are merely "a formulaic recitation of the elements of a cause of action," and do not comply with Rule 8, much less Rule 9(b). *See Twombly*, 550 U.S. at 555. The allegations do not even identify what the purported "misrepresentations" are, and certainly do not provide any specifics about the "time, place, and contents" of the alleged misrepresentations. *See Khan*, 2012 WL 1601302, at *7. Nor does Plaintiff identify how he allegedly "relied to his detriment" on those (nonexistent) misrepresentations. Detrimental reliance is an essential element of a claim under the DTPA and Chapter 541, and without allegations of reliance on a misrepresentation that resulted in a cognizable injury, Plaintiff's claims cannot stand. *See McPeters v. LexisNexis,* 910 F. Supp. 2d 981, 987 (S.D. Tex. 2012) (Ellison, J.) (DTPA); *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547,

558, 561 (S.D. Tex. 2012) (Ellison, J.) (Insurance Code); *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 823-24 (Tex. 2012) (DTPA and Insurance Code).

Accordingly, the Second Amended Petition is woefully deficient in its allegations, and to the extent it is not dismissed with prejudice on the merits, it should be dismissed for failure to comply with Rules 8 and 9(b).

### E. Plaintiff's Claims in Counts III and IV Are, at Best, Allegations of a Mere Breach of Contract, and Therefore Do Not State Cognizable Claims for Violations of the DTPA or Chapter 541 of the Insurance Code.

As demonstrated above, Counts III and IV, for alleged violations of the DTPA and Chapter 541 of the Insurance Code, fail to plead fraud with the particularity required by Rule 9(b). These claims fail for an additional reason: at best, they do no more than purport to allege a mere breach of contract, which is not a false, misleading, or deceptive act under those statutes.

Plaintiff apparently claims his insurer "falsely" asserted it needed more information to process Plaintiff's claim. (2d Am. Pet. ¶ 4.02.) But this allegation does nothing more than recast his contract claim that Defendant should have paid his claim and failed to perform its obligations under the contract. Such allegations cannot support a claim for violations of the DTPA or the Insurance Code. *See, e.g.*, *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 558, 563 (S.D. Tex. 2012) (Ellison, J.) (alleged failure to indemnify under insurance policy is not a "misrepresentation" and cannot support DTPA claim or Insurance Code claims); *Brown v. DFS Servs., LLC*, No. CIV. A. H-09-3449, 2010 WL 2079931, at *4 (S.D. Tex. May 21, 2010) (Ellison, J.) ("In alleging that [defendant] improperly disclosed his confidential information, Plaintiff is parroting the basis of its breach of contract claim, which cannot, as a matter of law, constitute a deceptive trade practice."); *Walker v. Fed. Kemper Life Assur. Co.*, 828 S.W.2d 442, 454 (Tex. App.— San Antonio 1992, writ. denied) ("[T]he mere breach of an insurance contract does not give rise to liability under the Insurance Code or DTPA."); *Mena's Garage v. Hartford*

*Ins. Co.*, No. CIV. H-04-4738, 2005 WL 5976336, at *4 (S.D. Tex. Nov. 30, 2005) (mere breach of contract is not violation of Insurance Code or DTPA).

## V.  CONCLUSION

Defendant USAA CIC respectfully requests the Court grant its Motion and dismiss with prejudice all claims against USAA CIC in the Plaintiff's Second Amended Petition.

Dated:  October 14, 2013

Respectfully submitted,

By:  */s/ Tanya E. Dugas*
Tanya Dugas, Attorney-in-Charge
Southern District Bar No. 1101566
State Bar No. 24072076
Leticia P. Aguilar
Southern District Bar No. 1998300
State Bar No. 24085164
Martin, Disiere, Jefferson & Wisdom, L.L.P.
Niels Esperson Building
808 Travis Street, 20th Floor
Houston, Texas  77002
(713) 632-1700 (Telephone)
(713) 222-0101 (Facsimile)
Attorneys for Defendant
USAA Casualty Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic service through the Court's CM/ECF and/or facsimile or certified mail, return receipt requested, on this the 14th day of October, 2013, to the following counsel of record:

Brad T. Wyly
Wyly & Cook, LLP
4101 Washington Ave.
Houston, Texas 77007


Joshua P. Davis
Wyly & Cook, LLP
Josh Davis Law Firm
1010 Lamar, Suite 200
Houston, Texas 77002


*/s/ Tanya E. Dugas*
Tanya E. Dugas
