IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK G. DiNOTO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. H-13-2877 |
| USAA CASUALTY INSURANCE | § | |
| COMPANY, UNITED SERVICES | § | |
| AUTOMOBILE ASSOCIATION, | § | |
| AND AUTO INJURY SOLUTIONS, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions and related pleadings filed by Plaintiff Frank G. DiNoto ("Plaintiff"), Defendant USAA Casualty Insurance Company ("USAA CIC), Defendant United Services Automobile Association ("USAA"), and Defendant Auto Injury Solutions ("AIS"):

(1)    Motion to Dismiss Third Amended Complaint with Prejudice, filed by Defendants USAA CIC and USAA (Docket Entry No. 28), to which Plaintiff filed a response (Docket Entry No. 36) and sur-reply (Docket Entry No. 39), and to which Defendants filed a reply (Docket Entry No. 37);

(2)    Motion to Dismiss All Claims Alleged in Plaintiff Frank G. DiNoto's Third Amended Petition, filed by Defendant AIS (Docket Entry No. 29), to which Plaintiff filed

a response (Docket Entry No. 36) and sur-reply (Docket Entry No. 39), and to which

Defendant AIS filed a reply (Docket Entry No. 38); and

(3)     Defendant USAA CIC's motion to dismiss Plaintiff's second amended petition

(Docket Entry No. 17) and Defendant AIS's motion to dismiss Plaintiff's second amended

complaint (Docket Entry No. 18).

Based on consideration of the motions, the responses, the replies and sur-reply, the

Court **GRANTS IN PART** and **DENIES IN PART** the motions to dismiss as to Plaintiff's

Third Amended Complaint, **DENIES AS MOOT** the motions to dismiss Plaintiff's Second

Amended Complaint, and **ORDERS** as follows.

## I.  BACKGROUND AND CLAIMS

On June 16, 2011, Plaintiff was involved in a motor vehicle collision in Harris

County, Texas, in which he sustained physical injuries and was hospitalized for ten days. At

the time of the collision, Plaintiff was insured under a personal automobile insurance policy

issued by Defendant USAA (the "Policy").   The Policy provided for personal injury

protection ("PIP") with limits of $100,000.00.   Plaintiff states that, through his attorney, he

notified USAA of his PIP claim and submitted his medical bills for $136,853.00 and wage

loss verifications for $147,750.00.  He states that USAA paid him $2,506.02 in PIP benefits,

reimbursed Medicare for $12,405.13, and denied the remainder of his PIP claims.

Plaintiff subsequently filed this lawsuit against USAA CIC, USAA, and AIS, claiming

breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA") and the

2

Texas Insurance Code ("TIC"), breach of the duty of good faith and fair dealing, negligent and grossly negligent claims handling, and civil conspiracy.  In Plaintiff's Third Amended Complaint ("TAC"), Plaintiff seeks recovery of PIP benefits and damages, penalty interest and treble damages under the TIC, injunctive relief, and attorney's fees.

The defendants move for dismissal of Plaintiff's causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  If a plaintiff fails to satisfy Rule 8(a), a defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6); *see also Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F. App'x 988, 990 (5th Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the grounds for entitlement to relief, including factual allegations that when assumed to be true raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  In other words, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

3

662, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555.

Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950. The court should not strain to find inferences favorable to the plaintiffs or accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

While a district court is typically limited under Rule 12(b)(6) to reviewing the pleadings and attachments thereto, the court may also consider documents that a defendant attaches to a motion to dismiss when those documents are referred to in the plaintiff's complaint and are central to his claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). In attaching these documents, "the defendant merely assists the

plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499. In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n. 9 (5th Cir. 2012).

Allegations of fraud – or claims based in fraud – must meet the stricter pleading standards of Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). As succinctly stated by the Fifth Circuit Court of Appeals, Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud to be laid out. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). A claim that a fraud allegation is insufficiently particular under Rule 9(b) is properly raised by a Rule 12(b)(6) motion for dismissal for failure to state a claim. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 n. 8 (5th Cir. 2009).

Rule 9(b)'s particularity requirement is "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Id.* at 185 (quotations and footnote omitted). Thus, Rule 9(b)

"requires only simple, concise, and direct allegations of the circumstances constituting fraud, which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotations omitted).

### III. ANALYSIS

The Court is compelled to note, as an initial matter, that this lawsuit was filed in July 2013. Plaintiff has not requested a continuance on the pending motions, but he does assert in his combined response that it is premature for the Court to dismiss his "tie-in" claims. By "tie-in" claims, the Court understands Plaintiff to mean his statutory TIC chapters 541, 542, and 1952 claims and his DTPA claims. (Docket Entry No. 36, pp. 33–34.) The Court is not persuaded by Plaintiff's assertion. This lawsuit has been on file well in excess of a year, and Plaintiff's claims are neither novel nor unusually complex. Moreover, the issue is not whether further discovery may strengthen or modify Plaintiff's claims; rather, the issue is whether Plaintiff's TAC meet existing standards for pleadings. Consequently, Plaintiff's suggestion that the defendants' Rule 12(b)(6) motions may be "premature" finds no favor with this Court.

The Court is further unpersuaded by Plaintiff's attempts to rely on the existence of other lawsuits filed against these defendants as a means of shoring up any shortcomings in his own lawsuit. For example, Plaintiff argues that "USAA's scheme to defraud – that existed across the United States – demonstrates the legitimacy of Plaintiff's statutory claims." (Docket Entry No. 36, p. 33.) Plaintiff's argument places the proverbial cart before the

6

horse. USAA's purported nationwide scheme to defraud does not legitimate Plaintiff's allegations; to the contrary, Plaintiff's factual allegations must legitimate his claim of USAA's purported scheme. Plaintiff also argues that he "has provided the Court with substantial evidence that [his] claims are similar to those previously made in other class actions – namely, that USAA and AIS are purposefully denying, underpaying or delaying properly presented PIP claims in violation of Texas law, and making misstatements of the law to facilitate their scheme." *Id.*, pp. 32–33. Again, Plaintiff must plead factual allegations showing that defendants purposefully denied, underpaid or delayed *his* properly presented PIP claims in violation of Texas law, and made misstatements of law to *him* to facilitate their alleged scheme. That other lawsuits in other states have raised claims similar to those raised here lends Plaintiff's own claims no inherent credibility or viability for purposes of Rule 12(b)(6).

Each of the defendants' grounds for dismissal will be examined separately, as follows.

A.     USAA CIC

Defendant USAA CIC contends that Plaintiff has not raised any claims or pleaded any factual allegations as to USAA CIC in the TAC. In his combined response, Plaintiff stipulates that he "consents to USAA CIC's dismissal without prejudice." (Docket Entry No. 36, p. 17.) Accordingly, USAA CIC is **DISMISSED WITHOUT PREJUDICE**.

B.    AIS

Defendant AIS raises the following arguments in its motion to dismiss (Docket Entry

No. 29):

1.    Because AIS is not the insurer on the Policy and there is no privity of contract
      between Plaintiff and AIS, Plaintiff cannot allege a plausible breach of
      contract claim against AIS, or any claim which is dependent upon the insurer-
      insured relationship, including good faith and fair dealing and claims under
      TIC chapters 1952 and 542.

Plaintiff stipulates in his combined response that he is not asserting a breach of

contract or TIC chapter 1952 claim against AIS. (Docket Entry No. 36, p. 8.) Accordingly,

AIS's motion to dismiss Plaintiff's claims against it for breach of contract or violation of TIC

chapter 1952 is **DENIED AS MOOT**.

Plaintiff does state, however, that he is pursuing claims against AIS for breach of a

common law duty of good faith and fair dealing.  Under Texas law, an insurer has a duty to

deal fairly and in good faith with its insured during the processing of a claim. *Republic Ins.*

*Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995).  Texas recognizes a duty of good faith and

fair dealing in the insurance context that arises from the special relationship between the

insurer and the insured, not from the terms of the insurance contract but from an obligation

imposed by law as a result of the special relationship. *Arnold v. Nat'l County Mutual Fire*

*Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987); *Viles v. Security National Ins. Co.*, 788 S.W.2d

566, 567 (Tex. 1999).  AIS argues that this claim should be dismissed because the duty of

good faith and fair dealing is owed by the insurance company that issued the subject policy

8

– USAA, in this instance.  AIS contends that as it does not issue insurance policies and did not issue Plaintiff's Policy, it owed Plaintiff no duty of good faith and fair dealing regarding his PIP benefits.  Although Plaintiff counters in general terms that AIS remains liable because it was an agent or contractual adjuster for USAA, Plaintiff cites no authority for this position.  Because Texas law does not hold that AIS owed Plaintiff a common law duty of good faith and fair dealing regarding his PIP benefits, Plaintiff's assertions that AIS breached the duty fails to state a legal claim.  Plaintiff's claim against AIS for breach of a common law duty of good faith and fair dealing is **DISMISSED WITH PREJUDICE**.

AIS additionally contends that Plaintiff's claims alleging it violated TIC chapter 542 (known as the Prompt Pay Statute) should be dismissed, because it is not an insurer and there is no privity of contract or insurer-insured relationship between AIS and Plaintiff.  Plaintiff specifically alleges that AIS, as USAA's agent or contractual adjuster, violated TIC sections 542.055, 542.056, 542.057, and 542.058.  TIC chapter 542, by its very language, applies only to "insurers" as defined by the TIC.  Plaintiff does not allege that AIS is an "insurer," thus the prompt payment provision contained in section 542.058 does not apply to AIS.  Plaintiff's claims against AIS for violation of TIC sections 542.055, 542.056, 542.057, and 542.058, are **DISMISSED WITH PREJUDICE**.

Plaintiff's claims against AIS under the DTPA and TIC chapter 541 are discussed hereinafter.

9

2.      Plaintiff cannot allege a plausible right to recovery from AIS under TIC
        section 1952.151, *et seq.*, because PIP payments to Medicare is proper as a
        matter of law and Plaintiff's claim for lost income benefits is not covered
        under the Policy.

As stated above, Plaintiff stipulates that he has not raised any claims against AIS

under TIC chapter 1952.  He further stipulates that he is not seeking recovery of PIP funds

paid to Medicare.  (Docket Entry No. 36, p. 17.)  Accordingly, AIS's motion to dismiss

Plaintiff's claims based on violation of TIC chapter 1952 and for recovery of PIP funds paid

to Medicare is **DENIED AS MOOT**.

3.      Plaintiff cannot allege a plausible DTPA claim against AIS because Plaintiff
        cannot establish that he was a consumer with respect to AIS and because
        Plaintiff fails to set forth sufficient factual allegations that AIS's alleged
        conduct was made in connection with the purchase or lease of any goods or
        service.

Defendant AIS argues that Plaintiff cannot raise a viable DTPA against it, as Plaintiff

did not purchase, or seek to purchase, any goods or services from it.  In response, Plaintiff

counters that the basis for his DTPA claims against AIS is that AIS was the agent or

contractual adjuster for USAA regarding Plaintiff's PIP claims made the basis of this lawsuit.

An adjuster can be liable under the Texas Insurance Code and the DTPA.  TIC

section 541.151(2) expressly provides a cause of action for any practice "specifically

enumerated in a subdivision of Section 17.46 of the DTPA."  The Texas Department of

Insurance adopted section 21.21 of the Texas Administrative Code to further define those

who may be held liable under the TIC ("insurers and insurance agents and other persons in

their conduct of the business of insurance . . . irrespective of whether the person is acting as insurer, principal, agent, employer or employee, or in other capacity or connection with such insurer"). *See Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex. 1998).   TIC section 541.003 prohibits any "person" from engaging in deceptive practices in the business of insurance. TIC section 541.002 defines "person" as "any individual, corporation, association, partnership . . . and any other legal entity engaged in the business of insurance, including agents, brokers, adjusters, and life insurance counselors." Thus Plaintiff is not precluded from asserting a DTPA violation against AIS by virtue of his allegation that AIS was an agent or contractual adjuster for USAA.

The Court must next consider whether Plaintiff's DTPA-based claims against AIS meet the pleading standards of Rule 8 and, to any extent necessary, Rule 9(b).   Defendant AIS maintains that the DTPA claims must meet the pleading requirements of both Rule 8 and Rule 9(b), and that they should be dismissed because they contain nothing more than the bare bones recitation of DTPA and TIC statutory provisions.

Plaintiff's TIC and DTPA claims  are subject to the heightened requirements of Rule 9(b). *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp.2d 734, 742–43 (S.D. Tex. 1998).  However, Plaintiff's pleading of his DTPA claims against AIS fails under even the Rule 8 standard, in that he does nothing more than recite statutory definitions and list several DTPA sections. (TAC ¶¶ 6.03–6.07.) In his combined response, Plaintiff argues that "these Defendants have

11

adequate experience defending the core allegations contained in DiNoto's Third Amended

Complaint to be on notice of the conduct being called to account," and that "Exhibits 'B,' 'I,'

and 'J' provide the particularity to satisfy Rule 8 and Rule 9(b)." (Docket Entry No. 36, pp.

16, 32.)   A defendant's purported knowledge and experience, or exhibits attached to

pleadings, do not replace federal pleading standards.  Defendant AIS's motion to dismiss

Plaintiff's DTPA claims is **GRANTED**, and these claims are **DISMISSED WITHOUT**

**PREJUDICE**.  Plaintiff is **GRANTED** leave to file an amended complaint against AIS

within twenty days of entry of this order that satisfies the federal pleading standards of Rule

8 and Rule 9(a).

> 4.    Plaintiff's TIC section 541.051(1) and (4) claims fail to set forth sufficient
> allegations to state a plausible claim for relief because Plaintiff fails to make
> any allegations regarding an alleged misrepresentation regarding the terms or
> befits of the Policy.

In setting forth his TIC section 541.051(1) and (4) claims, Plaintiff pleads as follows:

> 6.08    [Defendant AIS] violated the Texas Insurance Code §541 *et seq.*
> because [it] engaged in unfair and/or deceptive acts or practices
> in the business of insurance.  Specifically, [Defendant's] acts
> and omissions violated the following:
>
> (a)    §541.051(1);
>
> (b)    §541.051(4)[.]

This bare-bones pleading of TIC section 541.051(1) and (4) claims is insufficient to

meet the pleading requires of either Rule 8 or Rule 9(a). Defendant AIS's motion to dismiss

Plaintiff's TIC section 541.051(1) and (4) claims is **GRANTED**, and these claims are

**DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to file an amended complaint against AIS within twenty days of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule 9(a).

5.    Plaintiff's TIC section 541.060 ( unfair settlement practices) claims fail to set forth sufficient factual allegations to state a plausible claim for relief as Plaintiff's allegations are nothing more than mere recitations of statutory provisions.

In setting forth his TIC section 541.060 claims, Plaintiff pleads as follows:

6.08    [Defendant AIS] violated the Texas Insurance Code §541 *et seq.* because [it] engaged in unfair and/or deceptive acts or practices in the business of insurance.  Specifically, [Defendant's] acts and omissions violated the following:

*    *    *    *

(c)    engaging in unfair settlement practices. §541.060:

(i)    misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue. §541.060(1).

(ii)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which USAA's liability has become reasonably clear. §541.060(2).

(iii)    failing to promptly provide a policyholder a reasonable explanation for the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. §541.060(3).

(iv)    failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(4).

13

(v)     refusing to pay a claim without conducting a reasonable
investigation with respect to the claim. §541.060(7)[.]

This bare-bones pleading of TIC section 541.060 claims is insufficient to meet the

pleading requires of either Rule 8 or Rule 9(a).  Defendant AIS's motion to dismiss

Plaintiff's TIC section 541.060 claims is **GRANTED**, and these claims are **DISMISSED**

**WITHOUT PREJUDICE**.  Plaintiff is **GRANTED** leave to file an amended complaint

against AIS within twenty days of entry of this order that satisfies the federal pleading

standards of Rule 8 and Rule 9(a).

6.     Plaintiff's TIC section 541.061 (misrepresentation of insurance policy) claims
fail to set forth sufficient allegations to state a plausible claim for relief
because Plaintiff fails to make any allegations regarding an alleged
misrepresentation regarding the terms or benefits of the Policy.

Plaintiff argues in his combined response that his section 541.061 claim against the

alleged purposeful misrepresentations regarding Medicare coverage.  Specifically, Plaintiff

references his allegation in the TAC that, on January 17, 2013, he received an "Explanation

of Reimbursement" ("EOR") letter from USAA, denying PIP reimbursement or payment of

a $218.00 medical bill from UT Physicians for "Tte w/doppler" (Docket Entry No. 23,

Exhibit B, p. 2).  As the basis for denial of the claim, the letter stated that "medical billing

for this date of services should be sent to the following because it is the primary insurance

company for this loss:  Medicare."  *Id.*  Plaintiff further alleges that, on that same date, he

received a second EOR from USAA, which denied payment or reimbursement for a $40.00

chest x-ray bill from UT Physicians, also on the basis that "medical billing for this date of

14

services should be sent to the following because it is the primary insurance company for this loss: Medicare." *Id.*, p. 10.

AIS correctly argues in its motion to dismiss that Plaintiff specifically asserts that these alleged misrepresentations appeared in EOR letters he received from USAA. AIS states that Plaintiff fails to identify any alleged misrepresentation that AIS made to Plaintiff. In setting forth his TIC section 541.061 claims against AIS in the TAC, Plaintiff pleads as follows:

> 6.08   [Defendant AIS] violated the Texas Insurance Code §541 *et seq.* because [it] engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, [Defendant's] acts and omissions violated the following:
>
> \*   \*   \*   \*
>
> (d)   misrepresenting Plaintiff's insurance policy. §541.061:
>
>> (i)   making an untrue statement of material fact. §541.060(1).
>>
>> (ii)   failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made. §541.060(2).
>>
>> (iii)   making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact. §541.060(3); and
>>
>> (iv)   making a misstatement of law.

This bare-bones pleading of TIC section 541.061 claims is insufficient to meet the pleading requires of either Rule 8 or Rule 9(a).  Defendant AIS's motion to dismiss Plaintiff's TIC section 541.061 claims is **GRANTED**, and these claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is **GRANTED** leave to file an amended complaint against AIS within twenty days of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule 9(a).

> 7.   Plaintiff's claims for negligent and grossly negligent claims handling are not viable under Texas law, and must be dismissed with prejudice.

Plaintiff informs the Court and parties that he is withdrawing his claims against the defendants for negligent (and therefore, for grossly negligent) claims handling.  (Docket Entry No. 36, p. 18.)  Accordingly, the motion to dismiss those claims is **DENIED AS MOOT**.  Plaintiff will file an amended complaint reflecting his withdrawal of these claims within twenty days from date of this order.

> 8.   Plaintiff's civil conspiracy claims fail to set forth sufficient factual allegations to state a plausible claim for relief as Plaintiff's allegations are nothing more than mere conclusory, threadbare allegations.

Plaintiff alleges the following in his TAC as to civil conspiracy and conspiracy to breach duty of good faith against AIS:

> 6.15   AIS and USAA conspired to deprive Plaintiff[] of Defendants' duties of utmost good faith and fair dealing.  Instead, Defendants conspiracy [*sic*] to defraud [Plaintiff] by wrongfully denying, delaying, or underpaying Plaintiff['s] claims using a pretextual investigation.

The Court dismissed Plaintiff's claim against AIS for breach of a duty of good faith and fair dealing, thus undercutting Plaintiff's assertion that AIS conspired with USAA to breach that duty. Further, Plaintiff's conspiracy claim is a bare-bones allegation of legal conclusions without supporting factual allegations, and does not meet the pleading and specificity requirements of Rule 8 and Rule 9(b). Defendant AIS's motion to dismiss Plaintiff's civil conspiracy claim is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to file an amended complaint against AIS within twenty days of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule 9(a).

> 9. Plaintiff's request for declaratory relief under TIC section 541.252(2) fails because Plaintiff neither pleads any facts that would justify the inclusion of AIS in a purported class action lawsuit, nor any facts which justify the issuance of an injunction against AIS.

Plaintiff alleges the following in his TAC as to claims for violation of section 541.252(2) and the need for injunctive relief under that statute:

> 6.17 AIS and USAA systematically violated Plaintiff's insurance policies. DiNoto, individually and on behalf of the Class, seeks this Court's relief in declaring that Defendants cannot delay, deny, or condition properly submitted PIP claims in the manner described above. Pursuant to [TIC section 541.252(2)], final injunctive relief of this nature is appropriate, respecting the Class as a whole.

Plaintiff's pleading of a claim is a bare-bones allegation of legal conclusions without supporting factual allegations, and does not meet the pleading and specificity requirements

of Rule 8 and Rule 9(b).  Defendant AIS's motion to dismiss Plaintiff's TIC section

541.252(2) claim is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is **GRANTED** leave to file an amended complaint against AIS within twenty days

of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule 9(a).

      C.    <u>USAA</u>

In its motion to dismiss (Docket Entry No. 28), defendant USAA raises the following

arguments:

      1.    Plaintiff's claims that USAA should have paid certain PIP benefits directly to
             him rather than reimbursing Medicare is contrary to, and preempted by, federal
             law.

Plaintiff has stipulated that he is not seeking recovery of reimbursement funds paid

directly to Medicare. (Docket Entry No. 36, p. 17.) Accordingly, USAA's motion to dismiss

Plaintiff's claims for recovery of PIP funds paid to Medicare is **DENIED AS MOOT**.

      2.    Plaintiff has not stated any valid claim arising from the allegation that USAA
             wrongfully advised that certain medical expense charges should be referred to
             Medicare.

The Court has carefully considered the parties' extensive arguments regarding this

issue, and finds that the issues raised by the parties are more in the nature of a Rule 56

motion for summary judgment than a Rule 12(b)(6) motion to dismiss.  Although USAA

correctly asserts that the EORs and Medicare representations attached as exhibits to the

pleadings may be considered in context of a Rule 12(b)(6) motion, factual issues surround

the elements of reliance and damages.  For instance, the parties are at odds as to how and

when those particular medical charges were paid or even whether those specific claims have been paid. These and other factual questions directly relate to the elements of Plaintiff's reliance and damages. Dismissal of these claims would require the Court to address factual issues, which is improper under Rule 12(b)(6). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to dismiss Plaintiff's claims based on the EOR Medicare representations.

3.  Plaintiff has failed to state any valid claim in connection with his allegations of lost income.

The Court has carefully considered the parties' extensive arguments regarding this issue, and finds that, as above, the issues raised by the parties are more in the nature of a Rule 56 motion for summary judgment than a Rule 12(b)(6) motion to dismiss. Although USAA correctly asserts that the purported employment contracts are attached as exhibits and may be considered in context of a Rule 12(b)(6) motion, factual issues exist as to the enforceability and finality of those contracts, assuming they can be construed as contracts, that precludes dismissal under Rule 12(b)(6). Dismissal of these claims would require the Court to address factual issues, which is improper under Rule 12(b)(6). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's motion to dismiss Plaintiff's claims regarding lost income PIP benefits.

19

4.     The TAC does not meet the pleading requirements of Rules 8 and Rule 9(b).

Plaintiff's claims challenging violations of the Texas Insurance Code and the Deceptive Trade Practices Act are subject to the heightened requirements of Rule 9(b). *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp.2d 734, 742–43 (S.D. Tex. 1998). However, Plaintiff's pleading of his DTPA and TIC claims against USAA fail under even the Rule 8 standard, in that he does nothing more than recite statutory definitions and list several DTPA and TIC sections, as noted in the above sections discussing AIS's motion to dismiss. As with his response to AIS's motion, Plaintiff argues that "these Defendants have adequate experience defending the core allegations contained in DiNoto's Third Amended Complaint to be on notice of the conduct being called to account," and that "Exhibits 'B,' 'I,' and 'J' provide the particularity to satisfy Rule 8 and Rule 9(b)." (Docket Entry No. 36, pp. 16, 32.) A defendant's purported knowledge and experience, or exhibits attached to pleadings, do not replace federal pleading standards. Defendant USAA's motion to dismiss Plaintiff's DTPA and TIC "tie-in" claims is **GRANTED**, and these claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to file an amended complaint against USAA within twenty days of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule 9(a).

5.   Plaintiff's claims in Counts III and IV are, at best, a recasting of his contract claims and do not state valid claims under the DTPA and TIC chapter 541.

The Court has granted Plaintiff leave to amend his DTPA and TIC chapter 541 claims, as his pleading of those claims fails to meet the federal pleading standards of Rule 8 and Rule 9(a).  Because it is anticipated that Plaintiff will be repleading these claims, the Court declines to address Defendant's argument at this time.  Accordingly, USAA's motion to dismiss Plaintiff's claims as set out in Counts III and IV is **DENIED WITHOUT PREJUDICE**.

6.   Plaintiff's claims for negligent claims handling is not asserted against USAA and, in any event, fails as a matter of law.

Plaintiff stipulates that he is withdrawing his claims against the defendants for negligent (and therefore, for grossly negligent) claims handling.  (Docket Entry No. 36, p. 18.)  Accordingly, the motion to dismiss those claims is **DENIED AS MOOT**.  Plaintiff will file an amended complaint reflecting his withdrawal of these claims within twenty days from date of this order.

7.   Plaintiff's claims for civil conspiracy fail as a matter of law.

Plaintiff alleges the following in his TAC as to civil conspiracy and conspiracy to breach duty of good faith against USAA:

6.15   AIS and USAA conspired to deprive Plaintiff[] of Defendants' duties of utmost good faith and fair dealing.   Instead, Defendants conspiracy [*sic*] to defraud [Plaintiff] by wrongfully denying, delaying, or underpaying Plaintiff['s] claims using a pretextual investigation.

21

The Court dismissed Plaintiff's claim against AIS for breach of a duty of good faith and fair dealing, thus undercutting Plaintiff's assertion that USAA conspired with AIS to breach that duty. Further, Plaintiff's conspiracy claim is a bare-bones allegation of legal conclusions without supporting factual allegations, and does not meet the pleading and specificity requirements of Rule 8 and Rule 9(b). Defendant USAA's motion to dismiss Plaintiff's civil conspiracy claim is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to file an amended complaint against USAA within twenty days of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule 9(a).

> 8. Plaintiff's claims for declaratory and injunctive relief fail along with Plaintiff's underlying claims.

Plaintiff alleges the following in his TAC as to claims for violation of section 541.252(2) and the need for injunctive relief under that statute:

> 6.17 AIS and USAA systematically violated Plaintiff's insurance policies. DiNoto, individually and on behalf of the Class, seeks this Court's relief in declaring that Defendants cannot delay, deny, or condition properly submitted PIP claims in the manner described above. Pursuant to [TIC section 541.252(2)], final injunctive relief of this nature is appropriate, respecting the Class as a whole.

Plaintiff's pleading of a claim is a bare-bones allegation of legal conclusions without supporting factual allegations, and does not meet the pleading and specificity requirements of Rule 8 and Rule 9(b). Defendant USAA's motion to dismiss Plaintiff's TIC section

22

541.252(2) claim is **GRANTED**, and the claim is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff is **GRANTED** leave to file an amended complaint against USAA within twenty

days of entry of this order that satisfies the federal pleading standards of Rule 8 and Rule

9(a).

### III.   CONCLUSION

The Court **ORDERS** as follows:

(1)   Defendant USAA CIC's motion to dismiss Plaintiff's second amended

petition (Docket Entry No. 17) is **DISMISSED AS MOOT**.

(2)   Defendant AIS's motion to dismiss Plaintiff's second amended

complaint (Docket Entry No. 18) is **DISMISSED AS MOOT**.

(3)   Defendant USAA CIC's motion to dismiss (Docket Entry No. 28) is

**GRANTED** to the extent that USAA CIC is **DISMISSED WITHOUT PREJUDICE** as a

defendant in this lawsuit.

(4)   Plaintiff's claims against the defendants for negligent and grossly

negligent claims handling are **DISMISSED WITHOUT PREJUDICE** at the request of

Plaintiff.

(5)   Defendant AIS's motion to dismiss (Docket Entry No. 29) is

**GRANTED** to the extent that the following claims against AIS are **DISMISSED WITH**

**PREJUDICE**:  breach of a common law duty of good faith and fair dealing; violation of TIC

sections 542.055, 542.056, 542.057, and 542.058.

(6)    Defendant AIS's motion to dismiss (Docket Entry No. 29) is **GRANTED** to the extent that the following claims against AIS are **DISMISSED WITHOUT PREJUDICE** and subject to Plaintiff's leave to amend: claims under the DTPA; claims under TIC sections 541.051(1) and (4); TIC section 541.060 claims; TIC section 541.061 claims; claim of civil conspiracy; and TIC section 541.252(2) claim.

(7)    Defendant AIS's motion to dismiss (Docket Entry No. 29) is **DENIED WITHOUT PREJUDICE** in all other respects.

(8)    Defendant USAA's motion to dismiss (Docket Entry No. 28) is **GRANTED** to the extent that the following claims against USAA are **DISMISSED WITHOUT PREJUDICE** and subject to Plaintiff's leave to amend: claims under the DTPA and TIC "tie-in" claims; claim of civil conspiracy; TIC section 541.252(2) claim.

(9)    Defendant USAA's motion to dismiss (Docket Entry No. 28) is **DENIED WITHOUT PREJUDICE** in all other respects.

(10)    Plaintiff shall file an amended complaint in conformance with this Memorandum Opinion and Order within twenty days from date of this Order.

Signed at Houston, Texas, on this the 30th day of September, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE