**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

FRANK G. DiNOTO,  )
                                )
        Plaintiff,  )
                                )
v.  )
                                )    No.  4:13-cv-2877
UNITED SERVICES AUTOMOBILE  )
ASSOCIATION and AUTO INJURY  )    Judge Keith P. Ellison
SOLUTIONS,  )
                                )
        Defendants.  )
                                )

**DEFENDANT UNITED SERVICES AUTOMOBILE
ASSOCIATION'S ANSWER TO PLAINTIFF'S FOURTH
<u>AMENDED COMPLAINT AND PUTATIVE CLASS ACTION COMPLAINT</u>**

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

    Defendant United Services Automobile Association ("USAA") submits its Answer and Additional Defenses to Plaintiff's Fourth Amended Complaint and Putative Class Action Complaint:

<u>**ANSWER**</u>

    1.1.    USAA admits that Plaintiff purports to bring this action on behalf of a putative class against Defendants and that Plaintiff is seeking money damages and declaratory relief. USAA denies the remaining allegations of Paragraph 1.1, and specifically denies that this case is appropriate for class treatment.

    2.1.    USAA admits that at the time this case was filed and removed to federal court, Plaintiff was a resident of Texas.  The statement regarding service requires no answer.  On information and belief, USAA admits the remaining allegations of Paragraph 2.1.

2.2.     USAA admits that AIS is a foreign corporation.  The statement in the second sentence regarding a request for citation requires no answer.  On information and belief, USAA admits the remaining allegations of Paragraph 2.2.

2.3.     USAA admits that it is a reciprocal interinsurance exchange organized under the laws of the State of Texas, and is authorized to do business and is doing business in the State of Texas.  The statement in the second sentence regarding a request for citation requires no answer. USAA admits the remaining allegations in the second sentence of Paragraph 2.3.  USAA denies the remaining allegations of Paragraph 2.3.

3.1.     USAA admits that this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, as set out in the Notice of Removal (Dkt. 1), and further admits that the Court has jurisdiction over the parties.  USAA admits the allegations in the second sentence of Paragraph 3.1.  USAA denies the remaining allegations of Paragraph 3.1.

3.2.     USAA does not dispute that venue is proper in the Southern District of Texas. USAA lacks knowledge or information sufficient to form a belief as to what Plaintiff means by "many events," and therefore denies that allegation.

4.1.     USAA admits that a true and correct copy of Plaintiff's insurance policy that was in effect on June 16, 2011 is attached to the Fourth Amended Complaint as Exhibit 1 (hereinafter referred to as the "Policy").   USAA admits that in 1992 Mr. DiNoto purchased a policy of automobile insurance issued by USAA, and further states that on his Eligibility Certification, dated December 7, 1992, Mr. DiNoto represented that he was a Lieutenant in the Air Force. USAA is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 4.1, and therefore denies them.

4.2.    USAA admits that the Policy included Personal Injury Protection Coverage, or PIP, and further admits that the cited document is a page from the Amended Declarations of the Policy.  USAA denies any remaining allegations of Paragraph 4.2.

4.3.    USAA denies that the cited pages are the complete and correct PIP provisions of the Policy, and therefore denies the allegations of Paragraph 4.3.

4.4.    USAA states that to the extent the allegations of Paragraph 4.4 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies any remaining allegations of Paragraph 4.4.

4.5.    USAA admits that Plaintiff made premium payments for his Policy.  USAA denies the remaining allegations of Paragraph 4.5.

4.6.    USAA admits that it accepted the premiums paid by Plaintiff for his Policy.

4.7.    USAA states that the allegations of Paragraph 4.7 are legal conclusions that require no answer.

4.8.    USAA admits that the Policy attached to the Fourth Amended Complaint as Exhibit 1 was valid and in force at the time of the Accident.  USAA denies that the Policy was in force at all relevant times since the Accident, and denies the remaining allegations of Paragraph 4.8.

4.9.    USAA admits that it made payments to Plaintiff for certain covered expenses he claimed following the Accident pursuant to the PIP coverage in his Policy.  USAA further states that the terms of the Policy speak for themselves; denies that the allegations of Paragraph 4.9 fully, fairly, or accurately reflect the terms of the Policy; denies that USAA is liable for any of

the damages or other relief sought in this lawsuit; and denies the remaining allegations of Paragraph 4.9.

4.10.   USAA admits that the Policy is an insurance contract.  USAA further states that the allegations of Paragraph 4.10 are legal conclusions that require no answer.

4.11.   USAA admits that it is an insurer.  USAA further states that the allegations of Paragraph 4.11 are legal conclusions that require no answer.

4.12.   USAA admits that on the date of the Accident, DiNoto was a "Covered Person" under the terms of PIP section of his Policy as set forth at USAA-DiNoto-000039.  USAA denies the remaining allegations of Paragraph 4.12.

4.13.   USAA admits that DiNoto was an insured under the Policy on the date of the Accident.  USAA further states that the allegations of Paragraph 4.13 are legal conclusions that require no answer.

4.14.   USAA states that to the extent the allegations of Paragraph 4.14 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies any remaining allegations of Paragraph 4.14.

4.15.   USAA states that to the extent the allegations of Paragraph 4.15 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies any remaining allegations of Paragraph 4.15.

4.16.   USAA admits the allegations of Paragraph 4.16.

4.17.   USAA admits that Paragraph 4.17 contains a quote from Section 1952.151 of the Insurance Code, but denies that the quote is complete.  USAA further states that to the extent the allegations of Paragraph 4.17 characterize and purport to interpret applicable law, they state legal conclusions that require no answer.  USAA denies any remaining allegations of Paragraph 4.17.

4.18.   USAA admits that Paragraph 4.18 contains a quote from Section 1952.155 of the Insurance Code, but denies that the quote is complete.  USAA further states that to the extent the allegations of Paragraph 4.18 characterize and purport to interpret applicable law, they state legal conclusions that require no answer.  USAA denies any remaining allegations of Paragraph 4.18.

4.19.   USAA states that the terms of the Policy speak for themselves, and denies that the allegations of Paragraph 4.19 fully, fairly, or accurately reflect the terms of the Policy.  USAA denies the remaining allegations of Paragraph 4.19.

4.20.   USAA denies that the first sentence of Paragraph 4.20 accurately quotes from Plaintiff's Policy.  USAA admits that a partial quotation from the portion of the Policy purported to be quoted in the first sentence of Paragraph 4.20 is "**reasonable fees** for **medically necessary and appropriate services**."  USAA denies that the second sentence of Paragraph 4.20 accurately quotes from Plaintiff's Policy, and further states that the portion of the Policy purported to be quoted in the second sentence of Paragraph 4.20 actually provides:  "**Medically necessary and appropriate medical services** means necessary medical, surgical, X-ray and dental services . . . ."  (USAA-DiNoto-000039.)  USAA denies that the third sentence of Paragraph 4.20 fully, accurately, and completely describes the provisions of the Policy, and therefore denies those allegations.  USAA admits that the Policy at USAA-DiNoto-00040 provides, in part, that "**medically necessary and appropriate medical services** do not include the following:   1.

Nutritional supplements or over-the-counter drugs; 2.  Experimental services or supplies . . . ."  USAA denies the remaining allegations of Paragraph 4.20.

4.21.   USAA admits that Paragraph 4.21 accurately quotes a portion of the Policy, except that Paragraph 4.21 does not include bolded terms in that Policy provision.  USAA denies that the allegations of the last sentence of Paragraph 4.21 fully, accurately, or completely reflect the provisions of the Policy, and therefore denies them.  USAA denies the remaining allegations of Paragraph 4.21.

4.22.   USAA admits that the first and second sentences of Paragraph 4.22 accurately quote from the cited portion of the Policy, except that those sentences do not include the bolded terms in that Policy provision.   USAA admits that the third sentence of Paragraph 4.22 accurately cites from a portion of the section of the Policy at USAA-DiNoto-000040, but denies that the third sentence fully and completely cites to the "loss of income" provision on that page of the Policy.  USAA states that the fourth sentence of Paragraph 4.22 does not fully, fairly, or accurately reflect the terms of the Policy.  USAA further states that to the extent the allegations of Paragraph 4.22 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.   USAA denies the remaining allegations of Paragraph 4.22.

4.23.   Paragraph 4.23 does not contain any allegations; it merely contains a document production Bates range.  As such, no answer is required.

4.24.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.24, and therefore denies those allegations.

4.25.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.25, and therefore denies those allegations.

4.26.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.26, and therefore denies those allegations.

4.27.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.27, and therefore denies those allegations.

4.28.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.28, and therefore denies those allegations.

4.29.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.29, and therefore denies those allegations.

4.30.   USAA admits the allegations of Paragraph 4.30.

4.31.   USAA admits the allegations of Paragraph 4.31.

4.32.   USAA admits the allegations of Paragraph 4.32.

4.33.   USAA admits that on June 20, 2011, a USAA adjuster contacted Ms. Ratcliffe and was informed by Ms. Ratcliffe that Mr. DiNoto remained in the hospital in the ICU.   USAA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.33, and therefore denies them.

4.34.   USAA admits the allegations of Paragraph 4.34.

4.35.   USAA admits that on June 21, 2011, an adjuster made the following claim file notation "none of [Plaintiff's] prior losses are related/relevant."   USAA denies the remaining allegations of Paragraph 4.35.

4.36.   USAA admits that on June 21, 2011, a USAA adjuster made a claim file notation that he had sent a message to an examiner manager to determine if the file should be transferred

to the examiner level.  USAA admits that the notation further indicated that there was a strong chance of UIM coverage based on the injuries to the insured and the potential criminal charges to the tortfeasor.  USAA further states that the cited document speaks for itself, and denies the remaining allegations of Paragraph 4.36.

4.37.   USAA admits the allegations of Paragraph 4.37.

4.38.   USAA admits that there is a June 24, 2011 adjuster summary in the claim file stating:  "current injury status: ID currently in ICU at Hermann Memorial.  Future/anticipated care: unk at this this time… anticipated future bills: pssbly over $100K, ID still in ICU."  USAA admits that the cited document also specified the following:  "authority request:  PIP $100K." USAA denies the remaining allegations of Paragraph 4.38.

4.39.   USAA admits the allegations of Paragraph 4.39.

4.40.   USAA admits that USAA received a call from Mr. DiNoto on June 29, 2011. USAA further admits that the summary of the conversation indicates "id is the president of a company – no salary yet – start up company – lost 2 consulting jobs due to this loss… id was released last saturday – he still hurts all over… will do another ct scan… has health insurance – does have medicare & bc/bs supplemental ins."  USAA denies the remaining allegations of Paragraph 4.40.

4.41.   USAA admits that Paragraph 4.41 accurately quotes from portions of Ms. Gawlik's June 29, 2011 claim file entry summarizing a call USAA received from Plaintiff. USAA further admits that Mr. DiNoto indicated in the call that he had Medicare.  USAA denies the remaining allegations of Paragraph 4.41.

4.42.   USAA admits the allegations of Paragraph 4.42.

4.43.    USAA admits that on July 6, 2011, its adjuster received a call from the at-fault adjuster informing USAA's adjuster as alleged in the first and second sentences of Paragraph 4.43.    USAA admits the allegations of the third sentence.    USAA denies any remaining allegations of Paragraph 4.43.

4.44.    USAA admits that on July 6, 2011, USAA received a fax cover sheet enclosing the Texas Peace Officer Crash Report.    USAA further admits that the report indicates that Plaintiff was involved in the crash and was taken to Hermann Hospital by Cy-Fair EMS.    USAA denies the remaining allegations of Paragraph 4.44.

4.45.    USAA admits the allegations of Paragraph 4.45.

4.46.    USAA admits Ms. Gawlik sent a letter to Mr. DiNoto which stated, in part: "Except, the PIP (Personal Injury Protection) coverage, will pay bills as you receive them and do not have any bearing on you filing your claim with Geico."    USAA further states the document speaks for itself.    USAA denies the remaining allegations of Paragraph 4.46.

4.47.    USAA admits the allegations of Paragraph 4.47.

4.48.    USAA admits the allegations of Paragraph 4.48.

4.49.    USAA admits that the claim file contains a September 19, 2011 entry asking Patti to call DiNoto's counsel and get a status of the bills:  "Patti call the atty and see if he can get you status on bills.  Did they go through health coverage?? Medicare??"    USAA further states that USAA-DiNoto-000101 speaks for itself.    USAA denies that it improperly sought to "avoid payment."    USAA denies the remaining allegations of Paragraph 4.49.

4.50.    USAA admits that the USAA claim file contains a September 30, 2011 entry stating that USAA received a letter "from BCBS confirming they are paying med bills & will seek reimbursement."    USAA further admits that the entry states:  "called atty spoke to Virginia,

adv of my info explnd ltr from BCBS recvd, she states she would like all payments sent to their office."   USAA denies the remaining allegations of Paragraph 4.50.

4.51.   USAA admits that USAA's September 30, 2011 letter requested that counsel for Plaintiff ask providers to include the referenced information in all billings to "ensure prompt processing of your client's medical bills." USAA denies the remaining allegations of Paragraph 4.51.

4.52.   USAA admits that on October 27, 2011, USAA received a fax cover sheet from Wyly Law Firm, P.C. to Patricia Baratin stating that billing records were enclosed.  USAA further admits that attached to the fax cover sheet was an "Abstract Summary" that includes procedure and diagnosis codes and states that there had been a collision on a street/highway involving a driver.  USAA further admits that USAA received a patient statement of account summary dated September 20, 2011, reflecting total charges of $55,939.30.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations concerning the "total charges of the health care provider," and therefore denies those allegations. USAA denies the remaining allegations of Paragraph 4.52.

4.53.   USAA admits that the claim file reflects an entry on October 18, 2011 that USAA "rcvd pr [received police report]" and that this entry contains a summary of the police report. USAA denies the remaining allegations of Paragraph 4.53.

4.54.   USAA admits that USAA-DiNoto-005470 is a Draft Explanation of Reimbursement dated October 20, 2011, which indicates a reimbursement amount of $0.00. USAA further admits that the Draft Explanation of Reimbursement reflected the reasons alleged in the third sentence of Paragraph 4.54.  USAA admits that the final version of this Explanation

of Reimbursement was dated October 27, 2011, and that USAA reviewed the referenced medical bills on or before that date.  USAA denies any remaining allegations of Paragraph 4.54.

4.55.   USAA admits that on or about October 27, 2011, USAA issued an Explanation of Reimbursement regarding billing provider Hermann Hospital.  USAA further admits that this Explanation of Reimbursement lists ICD-9 codes and diagnosis descriptions.  USAA further admits that the Explanation of Reimbursement contains the following explanation for the review amount:  "[i]n order to make a reimbursement decision, documentation is needed to substantiate the relatedness of the treatment to the injury diagnosis for this loss."  USAA further admits that the Explanation of Reimbursement includes an ICD-9 code of E812.10 with a diagnosis description "oth motr veh coll w/mv-driver," that this document also includes an ICD-9 code of E849.5 with a diagnosis description of "place of occurrence street&highway," and that this document includes other diagnosis descriptions of "open wound of scalp, complicated" and "acute pain due to trauma."  USAA denies the remaining allegations of Paragraph 4.55.

4.56.   USAA admits that the claim file reflects a November 4, 2011 summary of a manager review and that Paragraph 4.56 includes accurate partial quotes from the cited entry.  USAA further admits that the cited entry notes that BCBS is paying DiNoto's medical bills and that there is a need for a medical update from the insured's attorney to include current status, treatment protocols, and determine whether there are any photos.  USAA further admits that an Explanation of Reimbursement dated October 27, 2011 contains the following explanation for the review amount:  "[i]n order to make a reimbursement decision, documentation is needed to substantiate the relatedness of the treatment to the injury diagnosis for this loss."  USAA denies the remaining allegations of Paragraph 4.56.

4.57.   USAA admits that the claim file reflects an entry from November 15, 2011 stating:  "Thank you for your update Patti.  BCBS is paying for all bills and will send in their lien.  NI atty has requested that any payments go to their office.  Lets check back with BCBS and ask how much they have paid out."  USAA denies any remaining allegations of Paragraph 4.57.

4.58.   USAA admits that on November 15, 2011 it requested payment for $2,228.55 to payee Frank G DiNoto and Wyly Law Firm for: Personal Injury Protection – Medical Expenses. USAA further admits that an Explanation of Reimbursement for billing provider Cy-Fair VFD includes a reimbursement amount of $2,228.55.

4.59.  USAA admits that on or about November 22, 2011, USAA issued a Documentation Request – 2nd Notice to Memorial Hermann.  USAA further admits that this Document Request – 2nd Notice includes the following explanation for review amount:  "[i]n order to make a reimbursement decision, documentation is needed to substantiate the relatedness of the treatment to the injury diagnosis for this loss."  USAA further admits that this Document Request — 2nd Notice lists ICD-9 codes and diagnosis descriptions.  USAA further admits that it reimbursed Mr. DiNoto for $2,228.55 on or about November 15, 2011.  USAA admits that on or about December 22, 2011, it issued Documentation Request – 3rd Notice, which sought additional supporting documentation for services rendered between June 16 and June 20, 2011. USAA denies the remaining allegations of Paragraph 4.59.

4.60.   USAA admits that on December 9, 2011, an entry was made in the claim file that stated:  "closing PIP claim."  USAA further admits that the entry states: "ID filing all bills thru BCBS. when sub demand submitted will rvw & reopen at that time if nec."  USAA admits that there is no indication in the claim file that USAA advised Plaintiff or his counsel of the contents of this December 9, 2011 claim file entry.  USAA further admits that Patricia Baratin sent a letter

to Brad Wyly on December 9, 2011 requesting medical records from Hermann Hospital.  USAA denies the remaining allegations of Paragraph 4.60.

4.61.   USAA admits that it received a letter from Brad Wiley to Patricia Baratin dated January 12, 2012, with enclosures in response to USAA's December 9, 2011 letter.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 4.61, and therefore denies them.

4.62.   USAA states that on January 21, 2012, USAA issued a Documentation Request – Final Notice regarding billing provider Hermann Hospital.  USAA admits that Paragraph 4.62 accurately quotes from a portion of that Final Notice.   USAA admits that the Final Notice includes the following explanation for the review amount:  "[i]n order to make a reimbursement decision, documentation is needed to substantiate the relatedness of the treatment to the injury diagnosis for the loss."   USAA admits that when it issued the Final Notice, it had received a December 9, 2011 letter from Mr. Wyly stating that he was providing records from Memorial Hermann and that the hospital records contained ICD-9 codes.   USAA denies that information submitted to USAA at other times or from other sources remedied the deficiencies in the medical expense claims identified by USAA, and further denies any remaining allegations in Paragraph 4.62.

4.63.   USAA admits that Mr. Wyly sent a letter to Ms. Baratin dated January 25, 2012, which states: "[t]he medical records we submitted clearly show Mr. DiNoto's treatment was the result of a car accident."   USAA further admits Mr. Wyly enclosed a copy of the police report.  USAA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.63.

4.64.   USAA states that USAA-DiNoto-005406 to 005413 is titled "Adjustment" and has "Patient Copy" in the heading.   USAA further states that the document is identified as a "Draft."   USAA states that USAA-DiNoto-005407 includes a line stating "Allocated PIP Payment" and $47,548.41.   USAA admits that USAA-DiNoto-005412 includes a line stating "[t]he service provider has agreed to accept the amount reflected as the reimbursement for the line item as payment in full for the services provided …."   USAA admits that Paragraph 4.64 accurately quotes the cited document.   USAA admits that USAA-DiNoto-000021 is a portion of Mr. DiNoto's Policy, which includes a definition of "reasonable fee." USAA states that the cited documents speak for themselves.   USAA denies the remaining allegations of Paragraph 4.64.

4.65.   USAA admits the allegations of the first two sentences of Paragraph 4.65.   USAA further admits that an entry was made in the claim file on January 30, 2012, stating:  "Patti there is BCBS lien and medicare lien on this file."   USAA denies the remaining allegations of Paragraph 4.65.

4.66.   USAA admits that it received a letter dated February 10, 2012 from Mr. Wyly to Ms. Baratin, the terms of which speak for themselves.   USAA denies that it failed to exercise any duties of good faith and fair dealing, and denies the remaining allegations of Paragraph 4.66.

4.67.   USAA admits that on February 24, 2012, a USAA adjuster left a message for Mr. DiNoto's counsel that was summarized in a claim log entry:  "adv I recvd correspondence dated 2/10, explnd we cannot issue payment for hosp bill since medicare has already paid, also advsd medicare lien has been rcvd… also advsd i have medicare lien, would she like to me to send payment in c/o atty or directly to medicare."   USAA further admits that on the same day, it prepared an "Adjustment," which is identified as a "Draft," with a print date of February 24,

14

2012, which included the language alleged in the last sentence of Paragraph 4.67.  USAA denies the remaining allegations of Paragraph 4.67.

4.68.   USAA admits that Ms. Baratin sent a letter dated February 24, 2012 to Brad Wyly, bearing Bates USAA-DiNoto-000428-429.   USAA denies that the third sentence of Paragraph 4.68 accurately quotes from the cited letter, but admits that the fourth sentence of Paragraph 4.68 accurately quotes from the cited document.  USAA states that the document speaks for itself, and denies the remaining allegations of Paragraph 4.68.

4.69.   USAA admits that that the referenced letter did not enclose a payment to Mr. DiNoto and further admits that it has not paid amounts owed to Medicare directly to Plaintiff or his attorney.  USAA denies the remaining allegations of Paragraph 4.69.

4.70.   USAA denies that Patricia Baratin called DiNoto's counsel, but admits that she received a call from Plaintiff's counsel, during which she explained to him that USAA was unable to pay the hospital bill because Medicare had paid it and USAA would need to pay the Medicare lien.

4.71.   USAA admits that it issued an Adjustment on February 29, 2012.  USAA further admits that the Adjustment states, in part: "Comments: Payment for reimbursed amount was mailed separately to the patient or their representative," and that "Reimbursement for the services provided was settled and/or negotiated with the patient, provider, for their representative and no additional payments are owed."   USAA admits it did not mail these reimbursements separately to Mr. DiNoto or his counsel.  USAA denies the remaining allegations of Paragraph 4.71.

4.72.   USAA admits the first sentence of Paragraph 4.72.  USAA admits that it issued Information Requests for Drs. Sam Luber, Alexander Simonetta, Scott Shepherd, and Richard

Nahoura which indicated that the medical billing submitted "did not include one or more of the following items, all of which are necessary to properly review medical bills:  CPT Codes or other acceptable codes describing the services rendered."   USAA further admits that additional Information Requests concerning these providers were issued in April and May 2012.

4.73.   USAA admits that USAA-DiNoto-006624-006627 are Information Requests regarding billing providers Samuel Luber, Alexander Simonetta, Scott Shepard, and Richard Nahoura.  USAA admits that the Information Requests state in part: "We have received medical billing for the patient and dates of service indicated above.  This material did not include one or more of the following items, all of which are necessary to properly review medical bills:  CPT or other acceptable codes describing the services rendered."   USAA admits that USAA-DiNoto-005227 to 005237 is a fax from Brad Wyly to Patricia Baratin enclosing billing records related to Mr. DiNoto's stay at Memorial Hermann Hospital from June 16 to June 25, 2011.  USAA admits that USAA-DiNoto-006624 is an Information Request with a service date of 6/16/2011 to 6/16/2011.  USAA admits that USAA-DiNoto-006625 is an Information Request with a service date of 6/16/2011 to 6/17/2011.  USAA admits that USAA-DiNoto-006626 is an Information Request with a service date of 6/16/2011 to 9/2/2011.  USAA admits that USAA-DiNoto-006627 is an Information Request with a service date of 6/17/2011 to 6/17/2011.  USAA denies the remaining allegations of Paragraph 4.73.

4.74.   USAA admits that it received a December 28, 2012 letter from Brad Wyly listing medical bills reportedly totaling $136,853.89 and reported wage loss verifications totaling $147,750.00.  USAA states that the cited document speaks for itself.  USAA lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations of Paragraph 4.74, and therefore denies those allegations.

4.75.   USAA admits that USAA-DiNoto-000449 to 001348 is a December 20, 2012 letter with enclosures from Brad Wyly to Jayne Yancey at Auto Injury Solutions.  USAA admits that the letter includes a factual background and information about Mr. DiNoto's injuries and medical care.  USAA admits that the letter enclosed copies of medical records and bills, including Memorial Hermann's records and bills, UT Physicians, Livingston Plastic Surgery, Texas ENT Specialists, PA, St. Luke's The Woodlands Hospital, Woodlands Sports Medicine Center, Larry Pollack, Ph.D. & Associates, and others.   USAA denies the remaining allegations of Paragraph 4.75.

4.76.   USAA admits that it issued letters or notices requesting additional information and declining to provide payment for billed amounts.  USAA admits it provided a payment for $131.27 to Wyly Law Firm and Frank G. DiNoto.  USAA denies the remaining allegations of Paragraph 4.76.

4.77.   USAA admits that it issued the cited Explanation of Reimbursement, but denies the accuracy of the quote regarding the cited document.  USAA admits that USAA-DiNoto-006564 contains ICD-9 codes and diagnosis descriptions.  USAA further admits that USAA-DiNoto-006561 is a "Final Report" from Advanced Diagnostics Healthcare and that Paragraph 4.77 accurately quotes from a portion of this document.  USAA denies the remaining allegations of Paragraph 4.77.

4.78.   USAA admits that USAA-DiNoto-006633 to 006634 is a Request for Information for service provider Andrew Chang, indicating that one or more of the following were not provided:  (1) ICD-9 codes describing the patient's diagnosis; (2) service and billing provider name; (3) provider's federal tax identification number or social security number; and (4) the physical address of the location where services were rendered.  USAA admits that USAA-

DiNoto-006636 is an Information Request for service provider Dr. Baskaran and USAA-DiNoto-006635 is an Information Request for service provider Dr. Seipel, and that both documents request ICD-9 codes describing the patient's diagnosis.   USAA admits that USAA-DiNoto-006658 is an Information Request – 2nd Notice for service provider Dr. Seipel.   USAA admits that USAA-DiNoto-006676 is an Information Request – 3rd Notice for service provider Dr. Seipel.   USAA admits that Mr. Garcia sent an Information Request – 2nd Notice to service provider Visveshwar Baskaran requesting ICD-9 codes describing the patient's diagnosis. USAA admits that USAA-DiNoto-006657 is an Information Request – 2nd Notice for service provider Andrew Chang.  USAA admits that USAA-DiNoto-006675 is an Information Request – 3rd Notice for service provider Andrew Chang.   USAA denies the remaining allegations of Paragraph 4.78.

4.79.   USAA admits that USAA-DiNoto-003239 to 3244 is an Account Ledger from Singleton Associates that includes physician names, procedure codes, and abbreviated descriptions of treatments.  USAA admits that USAA-DiNoto-003259 is a "Final Report" from St. Luke's The Woodlands Hospital – Imaging, which includes an address and a section entitled "Findings."  USAA admits that USAA-DiNoto 003245 to 003286 are medical records from St. Luke's the Woodlands Hospital.  USAA states that the cited documents speak for themselves. USAA denies the remaining allegations of Paragraph 4.79.

4.80.   USAA admits that on January 7, 2013, it issued an Information Request to Brian Johnston seeking one or more of the items referenced in the first sentence of Paragraph 4.80, but denies that USAA-DiNoto-005005 is that request.  USAA admits that USAA-DiNoto-005243 to 5244 is a letter from Brad Wyly to Patricia Baratin enclosing a HCFA form relating to provider Scott Shepard.   USAA denies the remaining allegations of Paragraph 4.80.

4.81.   USAA admits that it sent the Information Requests referenced in the first sentence of Paragraph 4.81, requesting one or more of the following: (1) service and billing provider name; (2) provider's federal tax identification number or social security number; and (3) physical address of the location where services were rendered.  USAA admits that USAA-DiNoto-000474 is an "Abstract Summary" from Hermann Hospital and that USAA-DiNoto-000485 is a UT Physicians billing record, and that both documents were enclosed in a December 20, 2012 letter from Mr. Wyly.  USAA admits that USAA sent the Information Requests referenced in the third sentence of Paragraph 4.81, requesting ICD-9 codes describing the patient's diagnosis on the dates alleged.  USAA admits that USAA-DiNoto-006538 is an Explanation of Reimbursement which includes ICD-9 codes and diagnosis descriptions.  USAA states that the cited documents speak for themselves.  USAA denies that information submitted to USAA at other times or from other sources remedied the deficiencies in the medical expense claims identified by USAA. USAA denies the remaining allegations of Paragraph 4.81.

4.82.   USAA admits that USAA-DiNoto-006661 to 006664 are documents titled Information Request – 2nd Notice that it sent to UT Physicians on the dates alleged.  USAA admits that USAA-DiNoto-006679 to 006682 are documents titled Information Requests – 3rd Notice that it sent to billing provider UT Physicians during the time alleged, and USAA-DiNoto-006684 is a document titled Information Request - Final Notice that it sent to billing provider Samuel Luber.  USAA denies the remaining allegations of Paragraph 4.82.

4.83.   USAA admits that it sent the January 9, 2013 Information Request which includes the name and address of billing provider Larry Pollock, and stated:  "We have received medical billing for the patient and dates of service indicated above.  This material did not include one or more of the following items, all of which are necessary to properly review medical bills: CPT or

other acceptable codes describing the services rendered; ICD-9 codes describing the patient's diagnosis; service and billing provider name; provider's federal tax identification number or social security number; physical address of the location where services were rendered."  USAA admits that USAA-DiNoto-000663 to 000706 is a portion of a "Neuropsychological Evaluation," which was enclosed in a December 20, 2012 letter from Mr. Wyly.  USAA denies the remaining allegations of Paragraph 4.83.

4.84.   USAA admits that USAA-DiNoto-006660 is an Information Request – 2nd Notice that it sent to service provider Larry Pollock.  USAA admits that USAA-DiNoto-006678 is an Information Request – 3rd Notice that USAA sent to service provider Larry Pollock. USAA admits that Mr. Wyly enclosed records from Dr. Pollock in a December 20, 2012 letter. USAA denies any remaining allegations of Paragraph 4.84.

4.85.   USAA admits that USAA-DiNoto-006577-006579 is an Explanation of Reimbursement that it sent to DiNoto regarding Jeffrey Chimenti which contains the following explanation for the review amount:  "The medical bill submitted does not include two or more of the following: ICD-9 Codes, CPT Codes, itemized charge amounts for each CPT code, Dates of Service, Provider TIN, Service Provider Name, or Service Provider Address."  USAA admits that USAA-DiNoto-005333-005337 is an Adjustment that it sent regarding Jeffrey Chimenti. USAA admits that USAA-DiNoto-005385-005387 is a Documentation Request – 2nd Notice that it sent regarding Jeffrey Chimenti.  USAA admits that USAA-DiNoto-005394 to 005396 is a Documentation Request – 3rd Notice that it sent regarding Jeffrey Chimenti.  USAA denies the remaining allegations of Paragraph 4.85

4.86.   USAA admits that USAA-DiNoto-000550 to 000594 are records from Texas ENT Specialists, PA.  USAA admits that that USAA-DiNoto-000555 and 000558 refer to procedure

codes.  USAA admits that USAA-DiNoto-000551 to 000552 refer to CPT Codes, charges, the dates of service, and a provider name, and that USAA-DiNoto-000563 to 000565 refer to a provider's address.  USAA admits that Mr. Wyly enclosed records from Dr. Pollock in a December 20, 2012 letter.  USAA states that to the extent the allegations of Paragraph 4.86 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.   USAA denies the remaining allegations of Paragraph 4.86.

4.87.   USAA admits that it sent the referenced requests seeking one or more of ICD-9 codes describing the patient's diagnosis; service and billing provider name; provider's federal tax identification number or social security number; physical address of the location where services were rendered.   USAA denies the remaining allegations of Paragraph 4.87.

4.88.   USAA admits that USAA-DiNoto-000792 and 000797 are records from Mischer Neuroscience and that USAA-DiNoto-000797 refer to ICD-9 codes.  USAA admits that USAA-DiNoto-000773 to 000774 are records from Mischer Neuroscience that refer to the supervising provider names and an address for Mischer Neuroscience.  USAA admits that USAA DiNoto-000776 to 000799 are records from Mischer Neuroscience.  USAA admits that the documents cited in Paragraph 4.88 were enclosed in a December 20, 2012 letter from Mr. Wyly. USAA denies any remaining allegations of Paragraph 4.88.

4.89.   USAA admits that it sent the EOR referenced in the first sentence of Paragraph 4.89, but denies that the first sentence accurately quotes from that document.  USAA admits that on January 25, 2013, it sent an "Adjustment" form relating to the bill referenced in the first

sentence of Paragraph 4.89, and further admits that this Adjustment included the word "MEDICARE" in the explanation of reimbursement.  USAA admits that it sent the request referred to in the last sentence of Paragraph 4.89.  USAA denies the remaining allegations of Paragraph 4.89.

4.90.   USAA admits that the cited documents are records from Dr. Christopher Livingston.  USAA admits that USAA-DiNoto-000543  refers to procedure codes, USAA-DiNoto-000531 to 000532 refer to CPT codes, charge amounts, dates of service, and a provider's name, and that USAA-DiNoto-000537 refers to an address for Livingston Plastic Surgery.  USAA states that the cited documents speak for themselves.  USAA denies the remaining allegations of Paragraph 4.90.

4.91.   USAA admits that the cited document is titled File Review and was completed by Deanna Jamison, RN.  USAA admits that the document includes a discussion of medical records describing Plaintiff's reported injuries, that the document indicates that the reviewer found it reasonable to conclude that Plaintiff sustained sub-arachnoid hemorrhages, scalp laceration, and neck and shoulder injuries as a result of the accident, and that the EMS treatment, 6/16/11 ER visit, hospital admissions from June 16 to June 25, 2011, and all treatment from Dr. Livingston appeared necessary and related to the accident.  USAA further admits that Paragraph 4.91 accurately quotes the cited document.  USAA further admits that the document states: "unable to firmly relate all of the neurosurgical, otolaryngological, orthopedic and neuropsychological testing and treatment to the 6/16/11 MVA…. Peer evaluations are warranted to sort out at a scope of practice higher than a nurse's practice and identify what care was actually reasonable and related."  USAA denies the remaining allegations of Paragraph 4.91.

4.92.    USAA admits that the cited document contains a summary by a USAA adjuster listing "actual diagnosis" with ICD-9 codes.    USAA further admits that the summary notes "mechanism of injury," "no prior inj claims per claims plan," and lists injuries.    USAA denies the remaining allegations of Paragraph 4.92.

4.93.    USAA admits that Patricia Baratin sent the January 9, 2012 letter to Medicare MSPRC.    USAA admits that the letter states, in part:    "This will acknowledge your letter asserting a subrogation/lien interest in the insurance proceeds available under Personal Injury Protection coverage/Med Pay coverage.    Please be advised that the customer has indicated their preference that the PIP proceeds be made payable to Attorney and himself.    Due to the contractual relationship between USAA and our customer, USAA will be making the PIP proceeds payable as per the policyholder's request.    Please direct future inquiries regarding this matter to the customer/attorney directly."    USAA admits the last sentence of Paragraph 4.93. USAA denies the remaining allegations of Paragraph 4.93.

4.94.    USAA admits that on April 25, 2012, it received a voicemail from Mr. DiNoto's "attny rep"  "asking not to pay Medicare at this time." USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.94 concerning the purpose of the alleged request, and therefore denies those allegations.    USAA admits it made a payment to Medicare totaling $12,860.96 and that the check was not made payable to DiNoto or his attorneys.  USAA denies the remaining allegations of Paragraph 4.94.

4.95.    USAA admits that on February 6, 2013, it issued an EOR which included for certain charges an explanation for the review amount stating "Medical billing for this date of services should be sent to the following as it is the primary insurance company for this loss: MEDICARE."  USAA admits that USAA-DiNoto-000411 is a letter dated January 6, 2012 from

MSPRC to USAA stating: "We are writing to advise you that Medicare has identified a claim or number of claims for which you have primary payment responsibility and Medicare has made primary payment."  USAA denies the remaining allegations of Paragraph 4.95.

4.96.    USAA admits that a Draft Explanation of Reimbursement was prepared regarding Christopher Livingston.  USAA admits that the explanation for reimbursement amount in that Draft EOR included the statement:  "Medical billing for this date of services should be sent to the following as it is the primary insurance company for this loss: … MEDICARE."  USAA admits that USAA-DiNoto-006613 to 006616 is an EOR issued on March 9, 2013 regarding Christopher Livingston that USAA sent to Plaintiff.  USAA denies the remaining allegations of Paragraph 4.96.

4.97.    USAA admits that on January 22, 2013, it issued an EOR regarding Woodlands Sports Medicine and Jud Hees, which was sent to DiNoto.  USAA further admits that the EOR included for certain charges an explanation stating:  "Medical billings for this date of services should be sent to the following as it is the primary insurance company for this loss: MEDICARE."   USAA denies the remaining allegations of Paragraph 4.97.

4.98.    USAA admits that USAA-DiNoto-005572 to 005575 is a Draft Explanation of Reimbursement dated January 9, 2013 regarding billing provider UT Physicians and service provider Dr. S. Che.  USAA admits that USAA-DiNoto-005717 to 005718 is a Draft Explanation of Reimbursement dated January 9, 2013, regarding billing provider UT Physicians and service provider Dr. J. Lin.  USAA further admits that USAA-DiNoto-005572 to 005575 references a billed amount of $944.00, with a reimbursement amount of $655.70, and includes the following sentence:  "PPO reduction based on provider's contract with Three Rivers. (TRPN)."  USAA admits that USAA-DiNoto-005717 to 005718 references a billed amount of $40.00 and a

reimbursement amount of $32.00.  USAA admits that USAA-DiNoto-000085 to 000086 refers to payment requests in the amounts of $624.00 and $32.00.  USAA admits that USAA-DiNoto-000083 to 000084 indicates that there was a "Void Requested" by JG with respect to the $32.00 payment request, and that it includes an entry by JLG referring to the $624 request and stating: "PAYMENT BELOW HAS BEEN ADDRESSED UNDER MEDICARE LIEN."  USAA admits that USAA-DiNoto-005723 to 005724 is a Draft Explanation of Reimbursement dated January 11, 2013 regarding service provider Lin, J.  USAA admits that Paragraph 4.98 accurately quotes this Draft EOR, except that the quoted language fails to capitalize "Payment."  USAA admits that it did not provide payment to Mr. DiNoto or Mr. Wyly for this bill.  USAA denies the remaining allegations of Paragraph 4.98.

4.99.   USAA admits that USAA-DiNoto-005576 to 005577 is a Draft Explanation of Reimbursement dated January 11, 2013 regarding billing provider UT Physicians and service provider S. Che.  USAA denies that the document indicates it was prepared for "Dr. A. Sim." USAA admits that the comments section of that draft EOR stated:  "Medical billing for this date of service should be sent to Medicare as it is the primary insurance company for this loss." USAA admits that USAA-DiNoto-006580 to 006582 is an EOR dated January 12, 2013, regarding billing provider UT Physicians and service provider S. Che and that it includes the following comment: "Medical billing for this date of service should be sent to Medicare as it is the primary insurance company for this loss."   USAA denies the remaining allegations of Paragraph 4.99.

4.100.  USAA admits that USAA-DiNoto-005781 to 005782 is a Draft Explanation of Reimbursement dated January 11, 2013 regarding billing provider UT Physicians and service provider B. Gil.   USAA admits that the comments section of that draft EOR includes the

statement: "Payment for reimbursed amount was mailed separately to the patient or their representative.  Medical billing for this date of service should be sent to Medicare as it is the primary insurance company for this loss."  USAA admits that USAA-DiNoto-006601 to 006602 is an EOR dated January 12, 2013 and referred to in the last sentence of Paragraph 4.100 which relates to the same bill that was the subject of the Draft EOR referred to in the first sentence of Paragraph 4.100, and that it declined reimbursement and included the same quoted language in the comment section.  USAA denies the remaining allegations of Paragraph 4.100.

4.101.  USAA admits that the cited document is a Draft Explanation of Reimbursement dated January 14, 2013 regarding service provider Lub, S., which reflects a reimbursement amount of $0.   USAA admits that the explanation for the reimbursement amount stated: "Medical billing for the date of services should be sent to the following as it is the primary insurance company for this loss:  MEDICARE."  USAA denies the remaining allegations of Paragraph 4.101.

4.102.  USAA admits that USAA-DiNoto-005636 to 005637, 005808 to 005809, and 006604 to 006605 are Draft Explanations of Reimbursement dated January 16 and 17, 2013 regarding billing provider UT Physicians, and USAA-DiNoto-005538 to 005544 is a Draft Explanation of Reimbursement dated January 21, 2013, regarding billing provider Woodlands Sports Medicine and service provider Jud Hees.  USAA admits that the cited documents state that the explanation for the review amount was: "Medical billing for this date of services should be sent to the following as it is the primary insurance company for this loss: [] MEDICARE." USAA denies the remaining allegations of Paragraph 4.102.

4.103.  USAA denies the allegations in Paragraph 4.103.

4.104.  USAA admits that the cited document is a letter from Wyly Law Firm, P.C to Jayne Yancey, Auto Injury Solutions, Attention: USAA Medical Mail Dept.  USAA further admits that Plaintiff submitted certain medical records pertaining to his injuries, letters that purport to be from prospective employers, and purported tax records.  USAA further states that the documents speak for themselves.  USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.104 concerning Plaintiff's reasons for purchasing insurance, and therefore denies those allegations.  USAA denies the remaining allegations of Paragraph 4.104.

4.105.  USAA admits that Mr. DiNoto notified USAA of his claim and that USAA assigned the reference number 010391849-22.  USAA further admits that it received medical bills and records from Mr. DiNoto's counsel.  USAA admits that Brad Wyly sent USAA a letter listing medical bills reportedly totaling $136,853.89 and claimed wage losses totaling $147,750.00.  USAA admits that it paid DiNoto $2,506.02 in PIP benefits, but denies that those were the only PIP benefits paid under the Policy.  USAA admits that it set reserves for DiNoto's PIP claim at $100,000.  USAA denies the remaining allegations of Paragraph 4.105.

4.106.  USAA denies the allegations of the first sentence of Paragraph 4.106.  USAA denies that the second sentence of Paragraph 4.106 accurately quotes from the Policy.  USAA admits that a partial quotation from the portion of the Policy purported to be quoted in the second sentence of Paragraph 4.106 is "**reasonable fees** for **medically necessary and appropriate services**."  USAA further states that the Policy speaks for itself.  USAA further states that to the extent the allegations of Paragraph 4.106 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable

law, which must be interpreted as a whole and in context, USAA denies those allegations. USAA admits that the full amounts demanded by Plaintiff have not been paid.  USAA denies the remaining allegations in Paragraph 4.106.

4.107.  USAA adopts its response to Paragraph 4.18 and denies the remaining allegations of Paragraph 4.107.

4.108.  USAA denies that it paid Medicare $12,405.13, but admits that it made a payment to Medicare totaling $12,860.96.  USAA denies the remaining allegations of Paragraph 4.108.

4.109.  USAA denies the allegations of Paragraph 4.109.

4.110.  USAA denies the allegations of Paragraph 4.110.

4.111.  USAA admits that Plaintiff provided USAA with medical and billing records from Memorial Hermann and other providers on the referenced dates.  USAA denies the remaining allegations of Paragraph 4.111.

4.112.  USAA admits that it sent Information Requests regarding billing and service providers concerning Mr. DiNoto's claims.  USAA denies the remaining allegations of Paragraph 4.112.

4.113.  USAA admits that the cited documents contain portions of Mr. DiNoto's Policy, but denies that the cited portions are the complete and correct PIP provisions of the Policy, and further denies that the allegations of Paragraph 4.113 fully, fairly, or accurately reflect the terms of the Policy.  USAA further states that the terms of the Policy speak for themselves.  USAA further states that to the extent the allegations of Paragraph 4.113 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent that an answer is required, USAA states that to the extent the allegations characterize and purport to

interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations of Paragraph 4.113.

4.114.  USAA denies the allegations of Paragraph 4.114.

4.115.  USAA admits that it has not made payments to Mr. DiNoto for his lost income claim under his PIP coverage.  USAA states that to the extent the allegations of Paragraph 4.115 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations in Paragraph 4.115.

4.116.  USAA admits that it was provided with the cited letter, which purports to be from Craig Flower to Mr. DiNoto, and denies the remaining allegations of Paragraph 4.116.

4.117.  USAA admits that it was provided with the cited document, which purports to be from Management Consulting and Dispute Resolution Services to Mr. DiNoto.  USAA denies the remaining allegations of Paragraph 4.117.

4.118.  USAA denies the allegations of Paragraph 4.118.

4.119.  USAA admits that a number of its letters, including USAA-DiNoto-000378, indicate that mail should be addressed to Auto Injury Solutions.  USAA denies that the language quoted in the first sentence of Paragraph 4.119 is accurate.   USAA admits that on some documents, including USAA-DiNoto-000402, Ms. Baratin's name appears above an address block that identifies United Services Automobile Association and references an AIS address. USAA denies the remaining allegations of Paragraph 4.119.

4.120.  USAA denies the allegations of Paragraph 4.120.

4.121.  USAA admits that Ms. Baratin is a USAA adjuster who assisted with DiNoto's claim, and that Mr. Garcia is a USAA adjuster who also assisted with DiNoto's claim.  USAA denies the remaining allegations of Paragraph 4.121.

4.122.  USAA denies the allegations in the first sentence of Paragraph 4.122.  USAA further states that to the extent the allegations of Paragraph 4.122 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations in Paragraph 4.122.

4.123.  USAA denies the allegations of Paragraph 4.123.

4.124.  USAA denies the allegations of Paragraph 4.124.

4.125.  USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 4.125 concerning Plaintiff's knowledge or the expected testimony of numerous attorneys, and therefore denies those allegations.  USAA denies the remaining allegations of Paragraph 4.125.

4.126.  USAA denies the allegations of Paragraph 4.126.

4.127.  USAA admits that, like any other large insurer, it has been subject to proposed class action lawsuits.  USAA further admits that Paragraph 4.127 accurately quotes from a complaint filed in a separate matter against USAA, but denies that the alleged description of USAA's conduct was from a finding by a court.  USAA denies the remaining allegations of Paragraph 4.127.

5.1.    USAA admits that Plaintiff purports to bring this action on behalf of a putative class against Defendants.   USAA denies the remaining allegations of Paragraph 5.1, and specifically denies that this case is appropriate for class treatment.

5.2.    USAA admits that Plaintiff purports to bring this action on behalf of a putative class against Defendants.   USAA denies the remaining allegations of Paragraph 5.2, and specifically denies that this case is appropriate for class treatment.

5.3.    USAA admits that there are more than 100 putative members of the class proposed by Plaintiff.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 5.3 concerning Plaintiff's knowledge or belief, and therefore denies those allegations, and specifically denies that this case is appropriate for class treatment.  USAA denies the remaining allegations in Paragraph 5.3.

5.4.    USAA denies the allegations in Paragraph 5.4, and specifically denies that this case is appropriate for class treatment.

5.5.    USAA denies the allegations of Paragraph 5.5, and specifically denies that this case is appropriate for class treatment.

5.6.    USAA denies the allegations of Paragraph 5.6, and specifically denies that this case is appropriate for class treatment.

5.7.    USAA denies the allegations of Paragraph 5.7, and specifically denies that this case is appropriate for class treatment.

5.8.    USAA denies the allegations of Paragraph 5.8, and specifically denies that this case is appropriate for class treatment.

5.9.    USAA denies the allegations of Paragraph 5.9, and specifically denies that this case is appropriate for class treatment.

5.10.   USAA denies the allegations of Paragraph 5.10, and specifically denies that this case is appropriate for class treatment.

5.11.   USAA denies the allegations of Paragraph 5.11, and specifically denies that this case is appropriate for class treatment.

6.1.   USAA states that the allegations in the first sentence of Paragraph 6.1 are legal conclusions that require no answer.  USAA denies the remaining allegations of Paragraph 6.1.

6.2.   USAA admits that the cited document is a page from the Amended Declarations of Plaintiff's Policy.  USAA denies the remaining allegations of Paragraph 6.2.

6.3.   USAA admits that Plaintiff paid premiums to USAA.   USAA denies the remaining allegations of Paragraph 6.3.

6.4.   USAA denies the allegations of Paragraph 6.4.

6.5.   USAA denies the allegations of Paragraph 6.5.

6.6.   USAA denies the allegations of Paragraph 6.6.

6.7.   USAA admits that on June 29, 1011, Ms. Gawlik spoke with Plaintiff on the telephone, and that in that call Plaintiff indicated he had health insurance and Medicare.  USAA denies that Paragraph 6.7 accurately quotes from USAA-DiNoto-000112.   USAA states that USAA-Dinoto-000105 contains an entry summarizing a call with Mr. DiNoto and states: "advsd once he has the hosp bill – send that to geico – if they want to settle with him for their limits and have us protect the liens, we can do that."  USAA states that USAA-DiNoto-000101 contains an entry with the following summary: "Patti call the atty and see if he can get you status on bills. Did they go through health coverage?? Medicare??"  USAA  states that USAA-DiNoto-000097 contains an entry stating "BCBS is paying for all bills and will send in their lien… Lets check back with BCBS and ask how much they have paid out."  USAA states that USAA-DiNoto-

000096 includes an entry stating "closing PIP claim… when sub demand submitted will rvw & reopen at that time if nec."  USAA admits that USAA-DiNoto-000094 contains an entry stating "Memorial Hermann $47548.41 rjctd due to lie."  USAA admits that USAA-DiNoto-000093 to 000094 refers to a message Ms. Baratin left for Mr. DiNoto's attorney noting, among other things, that USAA could not issue payment for the hospital bill because Medicare had already paid that bill, and that "Medicare lien has rcvd."  USAA states that the cited documents speak for themselves.  USAA further states that to the extent the allegations of Paragraph 6.7 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations of Paragraph 6.7.

6.8.    USAA admits that the cited document is a letter dated February 24, 2012, from Ms. Baratin to Mr. Wyly that includes a discussion of the *Haygood* case.  USAA further states that to the extent the allegations of Paragraph 6.8 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations. USAA admits that the quoted phrase from *Haygood* appears at 356 S.W.3d at 400.   USAA denies the remaining allegations in Paragraph 6.8.

6.9.    USAA denies the allegations of Paragraph 6.9.

6.10.    USAA states that to the extent the allegations of Paragraph 6.10 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and

purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations in Paragraph 6.10.

6.11.   USAA admits that Plaintiff's daughter reported that he had been injured in an accident, but denies that Paragraph 6.11 accurately characterizes USAA-DiNoto-00123.  USAA admits that it received the Crash Report on July 6, 2011; that it received certain Memorial Hermann records on October 17, 2011; that the cited records include references to treatments, include a code which referred to a "mv collision," indicate that Plaintiff was admitted to the emergency room, reference "trauma" as the "discharge service"; and that the records include physician names.  USAA states that the cited documents speak for themselves.  USAA denies the remaining allegations of Paragraph 6.11.

6.12.   USAA admits that it did not dispute that Plaintiff had been involved and injured in an accident, and admits that USAA declined payment of certain invoices for medical services submitted by Plaintiff.  USAA denies the remaining allegations of Paragraph 6.12.

6.13.   USAA admits that certain invoices for medical services submitted for payment were not paid at that time because they lacked required information.   USAA denies the remaining allegations in Paragraph 6.13.

6.14.   USAA admits that the cited Paragraphs from the Fourth Amended Complaint include Plaintiff's allegations.  USAA incorporates its answers to the cited Paragraphs as though fully set forth herein.  USAA denies any remaining allegations of Paragraph 6.14.

6.15.   USAA admits that the cited document is a File Review completed by Deanna Jamison, RN, which concluded that certain treatment from the hospital and Dr. Livingston was related to the Accident.  USAA denies the remaining allegations in Paragraph 6.15.

6.16.   USAA denies the allegations of Paragraph 6.16.

6.17.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations about the knowledge of counsel for Plaintiff.  USAA denies the remaining allegations of Paragraph 6.17.

6.18.   USAA states that to the extent the allegations of Paragraph 6.18 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations of Paragraph 6.18, and specifically denies that this case is appropriate for class treatment.

6.19.   USAA admits that Plaintiff purchased a policy of insurance from USAA (the Policy).  USAA admits that Plaintiff is seeking certification of a class that would include persons who have purchased such insurance.  USAA denies any remaining allegations in Paragraph 6.19, and specifically denies that this case is appropriate for class treatment.

6.20.   USAA denies the allegations of Paragraph 6.20.

6.21.   USAA admits that portions of the cited documents are excerpts from the Policy, but denies that the cited pages are the complete and correct PIP provisions of the Policy, and further denies that the allegations of Paragraph 6.21 fully, fairly, or accurately reflect the terms of the Policy.  USAA states that the Policy speaks for itself.  USAA incorporates its responses to the allegations in Section 4, *supra*.  USAA denies the remaining allegations of Paragraph 6.21.

6.22.   USAA incorporates its responses to the allegations in Section 4, *supra*, and denies the remaining allegations of Paragraph 6.22.

6.23.   USAA incorporates its answers to the allegations in Section 4, *supra*, and denies the remaining allegations of Paragraph 6.23.

6.24.    USAA denies the allegations of Paragraph 6.24.

6.25.    USAA denies the allegations of Paragraph 6.25.

6.26.    USAA incorporates its responses to the allegations in Section 4, *supra,* and denies the remaining allegations of Paragraph 6.26.

6.27.    USAA denies the allegations of Paragraph 6.27.

6.28.    USAA admits that AIS provided services to USAA that assisted in USAA's adjustment of Plaintiff's insurance claim.  USAA denies the remaining allegations of Paragraph 6.28.

6.29.    USAA denies the allegations of Paragraph 6.29.

6.30.    USAA denies the allegations of Paragraph 6.30.

6.31.    USAA denies the allegations of Paragraph 6.31.

6.32.    USAA incorporates its responses to the allegations in Section 4, *supra*.  USAA admits that portions of the cited documents are excerpts from Mr. DiNoto's Policy, but denies that the cited pages are the complete and correct PIP provisions of the Policy, and further denies that the allegations of Paragraph 6.32 fully, fairly, or accurately reflect the terms of the Policy.  USAA states that the Policy speaks for itself.  USAA denies the remaining allegations of Paragraph 6.32.

6.33.    USAA denies the allegations of Paragraph 6.33.

6.34.    USAA incorporates its responses to Paragraphs 4.71 through 4.91, and denies the remaining allegations of Paragraph 6.34.

6.35.    USAA incorporates its responses to the allegations of Section 4, *supra*.  USAA admits that USAA-DiNoto-000391 is a letter from Ms. Gawlik to Mr. DiNoto.  USAA further admits that the remaining documents cited in Paragraph 6.35 consist of portions of pages from

the Policy, but denies that the allegations of Paragraph 6.35 fully, fairly, or accurately reflect the terms of the Policy.  USAA states that the documents cited in Paragraph 6.35 speak for themselves.  USAA denies the remaining allegations of Paragraph 6.35.

6.36.    USAA incorporates its responses to the allegations of Paragraphs 4.92 through 4.102, and denies the remaining allegations of Paragraph 6.36.

6.37.    USAA incorporates its responses to the allegations of Paragraphs 4.71 through 4.91, and denies the remaining allegations of Paragraph 6.37.

6.38.    USAA admits it submitted payment to Medicare, rather than to Plaintiff.  USAA denies the remaining allegations of Paragraph 6.38.

6.39.    USAA denies the allegations of Paragraph 6.39.

6.40.    USAA denies the allegations of Paragraph 6.40.

6.41.    USAA incorporates its responses to the allegations in Section 4, *supra*, and denies the remaining allegations of Paragraph 6.41.

6.42.    USAA denies the allegations of Paragraph 6.42.

6.43.    USAA incorporates its responses to Paragraphs 4.92 through 4.102, and denies the remaining allegations of Paragraph 6.43.

6.44.    USAA incorporates its responses to the allegations in Paragraphs 4.71 through 4.91, and denies the remaining allegations of Paragraph 6.44.

6.45.    USAA denies the allegations of the first sentence of Paragraph 6.45.  USAA admits that the second sentence of Paragraph 6.45 cites to a page from Plaintiff's Policy, but denies that the allegations of Paragraph 6.45 fully, fairly, or accurately reflect the terms of the Policy.  USAA states that the terms of the Policy speak for themselves.  USAA admits that counsel for Plaintiff provided USAA with USAA-DiNoto-001629, 001645 to 001656, but is

without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of the fourth sentence of Paragraph 6.45, and therefore denies them.  USAA denies the remaining allegations in Paragraph 6.45.

6.46.   USAA admits that the reasons for non-payment of certain claims for medical expenses submitted by Plaintiff included inadequate information, the fact that the expenses had been resolved by another insurer or government program, and lack of adequate documentation establishing that the treatment was related to the Accident.   USAA denies the remaining allegations in Paragraph 6.46.

6.47.   USAA denies the allegations in Paragraph 6.47.

6.48.   USAA denies the allegations of the first, second, third, and fourth sentences of Paragraph 6.48.  The allegations in the fifth sentence state legal conclusions to which no answer is required. USAA admits that USAA-DiNoto-000411 is a letter from MSPRC to USAA stating, in part: "We are writing to advise you that Medicare has identified a claim or number of claims for which you have primary payment responsibility and Medicare has made primary payment." USAA denies the remaining allegations in Paragraph 6.48.

6.49.   USAA incorporates its responses to Paragraph 4.92 through 4.102, and admits that it is an insurance company with attorneys who advise USAA regarding the law.  USAA denies the remaining allegations in Paragraph 6.49.

6.50.   USAA incorporates its responses to Paragraphs 4.71 through 4.91, and denies the remaining allegations in Paragraph 6.50.

6.51.   USAA states that the terms of the Policy speak for themselves.  USAA denies that the allegations of Paragraph 6.51 fully, fairly, or accurately reflect the terms of the Policy. USAA denies the remaining allegations in Paragraph 6.51.

6.52.    USAA denies the allegations of Paragraph 6.52.

6.53.    USAA incorporates its responses to Paragraphs 4.92 through 4.102, and denies the remaining allegations in Paragraph 6.53.

6.54.    USAA admits that AIS provided services to USAA that assisted in USAA's adjustment of Plaintiff's insurance claim.  USAA denies the remaining allegations of Paragraph 6.54.

6.55.    USAA denies the allegations of Paragraph 6.55.

6.56.    USAA admits that it received a letter dated September 13, 2013, which purported to provide notice of Plaintiff's intent to seek class certification and enclosed a purported Second Amended Petition.  USAA further states that to the extent the allegations of Paragraph 6.56 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.  USAA denies the remaining allegations of Paragraph 6.56.

6.57.    USAA denies the allegations of Paragraph 6.57.

6.58.    USAA denies the allegations of Paragraph 6.58.

6.59.    USAA denies the first sentence of Paragraph 6.59.  USAA admits that USAA-DiNoto-000773 to 000774 is a bill from Mischer Neuroscience.  USAA further admits that USAA-DiNoto-000661 is a record of patient financial history.  USAA further admits that USAA-DiNoto-000484 is an affidavit signed by the custodian of records of UT Physicians.  USAA further admits that USAA-DiNoto-000550 is an affidavit signed by the custodian of records of Texas ENT Specialists, PA.  USAA states that the cited documents speak for

themselves.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 6.59 regarding what amounts were paid by Plaintiff or are outstanding, and therefore USAA denies those allegations.   USAA denies the remaining allegations of Paragraph 6.59.

6.60.   USAA denies the allegations of Paragraph 6.60.

6.61.   USAA denies the allegations of Paragraph 6.61.

6.62.   USAA admits that it has not paid any penalty interest, but denies that it owes a penalty interest, and denies the remaining allegations of Paragraph 6.62.

6.63.   USAA admits that Plaintiff is seeking damages.   USAA denies the remaining allegations of Paragraph 6.63.

6.64.   USAA states that to the extent the allegations of Paragraph 6.64 characterize and purport to interpret applicable law, they state legal conclusions that require no answer; and to the extent an answer is required, USAA states that to the extent the allegations characterize and purport to interpret applicable law, which must be interpreted as a whole and in context, USAA denies those allegations.   USAA denies that it breached any duty of good faith and fair dealing that it owed to DiNoto.

6.65.   USAA incorporates its responses to the "foregoing paragraphs" in Section 6, and denies the remaining allegations of Paragraph 6.65.

6.66.   USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegations of Paragraph 6.66 regarding what Plaintiff's lawyers are aware of or what other attorneys contend, and therefore denies those allegations.   USAA denies the remaining allegations of Paragraph 6.66.

6.67.   USAA denies the allegations of Paragraph 6.67.

7.01.   USAA denies the allegations of Paragraph 7.01.

8.01.   USAA denies the allegations of Paragraph 8.01.

9.01.   USAA admits that the Complaint indicates that Plaintiff demands a trial by jury. USAA lacks knowledge or information sufficient to form a belief regarding the truth of the allegation of Paragraph 9.01 regarding the "appropriate fee."

## ADDITIONAL DEFENSES

USAA submits the following Additional Defenses.  USAA reserves the right to assert other defenses if, among other things, the Court certifies a class, or if the facts learned through discovery otherwise warrant amendment.  The claims of Plaintiff and members of the putative class vary substantially, thereby demonstrating the impropriety of classwide treatment, and rendering it impossible for USAA to articulate all defenses against all putative class members.

1.   The Complaint fails to state a claim against USAA upon which relief may be granted.

2.   The claims of Plaintiff and the putative class members are barred on the grounds that USAA did not breach their respective insurance contracts.

3.   The claims of Plaintiff and the putative class members are barred by the provisions contained in the respective insurance contracts that form the basis of Plaintiff's and the putative class members' claims.  USAA hereby incorporates all of the provisions, exclusions, and conditions contained within the policies of insurance under which Plaintiff and/or the putative class members purport to sue.

4.   The claims of Plaintiff and some putative class members are preempted by federal law including, but not limited to, the Medicare Secondary Payer statute, 42 U.S.C. 1395y(b)(2).

5.     The claims of Plaintiff and some putative class members regarding monies paid to Medicare are barred by Plaintiff's stipulation that he is not seeking recovery of such funds, and by the Court's September 30, 2014 ruling on Defendants' Motions to Dismiss.

6.     Plaintiff and some of the putative class members are estopped from seeking recovery of monies USAA paid to Medicare.

7.     Plaintiff and the putative class members are not entitled to PIP benefits for medical expenses that were not paid by them and do not have any outstanding balance from their providers.

8.     Medical expenses that were not paid by Plaintiff and members of the putative class and do not have any outstanding balance from the providers have not been "incurred" under the Policy and applicable law.

9.     Plaintiff and the putative class members have not sustained any injury with respect to medical expenses that were resolved without any payment by them, and therefore have no claim.

10.     For any charges that were negotiated with their health care providers, Plaintiff and the putative class members are not entitled to recover in excess of the negotiated amount.

11.     USAA made payment for certain service expenses, discharging any duty to Plaintiff and/or the putative class members in connection with such expenses.

12.     The claims of Plaintiff and/or the putative class members are barred by the failure to comply with requirements of the insurance policies or other prerequisites for bringing suit on the policies by Plaintiff and/or the putative class members and/or the Defendants' insureds.

13.     The claims of Plaintiff and the putative class members are barred because they failed to satisfy conditions precedent to recovery by failing to adequately cooperate in the

adjustment of their insurance claims, by failing to submit adequate documentation as required by the policy, and by submitting claims for which they clearly were not entitled to any payment.

14.     The claims of Plaintiff and the putative class members are barred by the doctrine of accord and satisfaction.

15.     The claims of Plaintiff and the putative class members are barred by the doctrine of waiver and/or forfeiture.

16.     The claims of Plaintiff and the putative class members are barred by the doctrine of estoppel.

17.     The claims of Plaintiff and the putative class members are barred by the doctrine of ratification, including through the renewal of insurance policies by USAA's insureds.

18.     The claims of Plaintiff and/or members of the putative class are barred by the applicable statutes of limitations and by laches.

19.     Plaintiff and the putative class members are not entitled to any relief, because they sustained no injury or damages as a result of any action or omission or any wrongful conduct by USAA. Plaintiff and the putative class members received payments for all reasonable and necessary medical expenses, loss of income, and other injuries to which they are entitled under the terms of their insurance policies and applicable law.

20.     Plaintiff and some members of the putative class are not entitled to payment for loss of income to the extent that they were not income producers in an occupational status at the time of their accidents.

21.     The claims of Plaintiff and/or some or all putative class members are barred for failure to mitigate damages, if any.

22.   The claims of Plaintiff and the putative class members are barred because any injury suffered by them did not result from and/or was not proximately caused by any act or omission or any wrongful conduct on the part of USAA.

23.   To the extent Plaintiff and/or other putative class members have been compensated for their alleged damages by receiving payment from USAA or any other persons or entities, USAA is entitled to set off such monies against any recovery that Plaintiff and/or the other putative class members otherwise would be entitled to receive in this action.

24.   The claims of Plaintiff and the putative class members are barred, at least in part, because their alleged injuries were not caused by their automobile accidents.

25.   The claims of Plaintiff and/or some or all putative class members are barred by the doctrine of unclean hands.

26.   The claims of some putative class members are barred or limited by the defenses of res judicata and collateral estoppel.

27.   This action may not be properly maintained as a class action because (a) the purported class is not reasonably ascertainable and is otherwise improper, (b) Plaintiff has not been injured by the alleged practices at issue in this case, (c) Plaintiff will not fairly and adequately protect the interests of the putative class, (d) common issues of law and fact, if any, do not predominate over individual issues, (e) Plaintiff's claims are not typical of those of the putative class he seeks to represent, (f) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy, and (g) other requirements of maintaining this action as a class action have not been met.

28.   The class action allegations of the Complaint are barred in that trying Plaintiff's claims through a class action or other aggregate proceeding would violate USAA's statutory and

constitutional rights to due process and a jury trial, and other constitutional and statutory rights, by (a) allowing for the recovery of damages by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (c) depriving USAA of its right to defend itself with respect to individual claims.

Dated:  December 19, 2014      By:     */s/ Marci A. Eisenstein*

P. Wayne Pickering, Attorney-in-Charge
Southern District Bar No. 12693
State Bar No. 15975030
Leticia P. Aguilar
Southern District Bar No. 1998300
State Bar No. 24085164
Martin, Disiere, Jefferson & Wisdom, L.L.P.
Niels Esperson Building
808 Travis Street, 20th Floor
Houston, Texas  77002
(713) 632-1700 (Telephone)
(713) 222-0101 (Facsimile)

Marci A. Eisenstein, admitted *pro hac vice*
Jay Williams, admitted *pro hac vice*
David C. Scott, admitted *pro hac vice*
Schiff Hardin LLP
233 S. Wacker Dr., Suite 6600
Chicago, Illinois 60606
(312) 258-5500 (Telephone)
(312) 258-5600 (Facsimile)

Attorneys for Defendant
United Services Automobile Association

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and   correct   copy of the foregoing document has been forwarded via electronic service through the Court's CM/ECF and/or facsimile or certified mail, return receipt requested, on this the 19th day of December, 2014, to the following counsel of record:

Brad T. Wyly
Wyly & Cook, LLP
4101 Washington Ave.
Houston, Texas 77007

Joshua P. Davis
Wyly & Cook, LLP
Josh Davis Law Firm
1010 Lamar, Suite 200
Houston, Texas 77002

Richard Glenn Foster
Porter Rogers Dahlman & Gordon, P.C.
745 E Mulberry Ave
Suite 450
San Antonio, TX 78212

*/s/ P. Wayne Pickering*